| 128 | 687 |
|-----|-----|
| e129 | 110 |

## WESTERN AND ATLANTIC RAILROAD CO. *v.* YORK.

1. The petition as amended set forth a cause of action as against a general demurrer and was not subject to any of the grounds set up in the special demurrers.
2. Remarks of counsel while addressing the jury, which do not undertake to introduce any material fact not disclosed by the evidence, but which are merely oratorical in character, do not constitute sufficient ground for declaring a mistrial.
3. Under the facts of this case it was not erroneous for the judge to charge: "The duty resting by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the danger is impending, or the circumstances are such that an ordinarily prudent man would have reason to apprehend its existence."

4. Diligence of the person injured and negligence of the defendant were questions peculiarly for the jury. The evidence upon those questions and upon all other issues made was of such character as that we can not say that the verdict in favor of the plaintiff was entirely unsupported. The discretion of the trial judge, therefore, in refusing to grant a new trial will not be interfered with.

Argued April 18,—Decided July 12, 1907.

Action for damages. Before Judge Gober. Cobb superior court. February 16, 1906.

*John L. Tye* and *Clay & Blair,* for plaintiff in error.

*J. Z. Foster,* contra.

ATKINSON, J. 1. The questions raised by demurrer are of such character as that we do not deem it necessary to make further reference to them than is expressed in the first headnote.

2. During the progress of his argument before the jury, counsel for the plaintiff in the court below used the following language: "Man is the noblest creation of God. God made no greater creation than man. He is the grandest product of divine handcraft; and He hedged about him the law, 'Thou shalt not kill.' God told Cain that the blood of his brother Abel cried to him from the ground. The most eloquent sermon I ever heard in my life was from the text, 'The statutes of the Lord are right.' 'Thou shalt not kill' is the statute of the Lord God Almighty. It was made for the protection of the lord of creation—for man, and it applies to a railroad corporation just as much as it does to an individual. If a man is dead by the reckless negligence of the servants and agents of the railroad corporation, the full consequences to him are the same; he is just as dead as if he had died by the uplifted and directed and murderous hand of his brother man. The shedding of innocent blood is just the same—just the same. Our land is defiled when innocent blood is shed therein, whether it be by the hand of a railroad corporation or whether it be by the murderer's hand or some one contending in a death grapple with his brother man; and the curse of God, which is charged against that, is upon it just the same. Gentlemen of the jury, when George W. York died on that public crossing in the City of Acworth, last October was a year ago, his innocent blood stained the right of way of this defendant." Whereupon counsel for the defendant moved the court to declare a mistrial upon the ground that the remarks by

counsel for the plaintiff were improper. The court refused to declare a mistrial. Exception is taken to such ruling, and the same is made a ground of the motion for new trial. We do not think the remarks of counsel were of such character as to require the court to declare a mistrial. A mere flight of oratory of counsel when addressing the jury is not ground for mistrial. Counsel may bring to his use in the discussion of the case well-established historical facts and may allude to such principles of divine law relating to transactions of men as may be appropriate to the case. It is not impassioned oratory which the law condemns and discredits in the advocate, but it is the introduction of facts not disclosed by the evidence, which requires the judge to use his power of declaring a mistrial. In this connection, see *W. & A. R. Co.* v. *Cox,* 115 *Ga.* 719; *Patterson* v. *State,* 124 *Ga.* 409; *Taylor* v. *State,* 121 *Ga.* 354 (7); *McNabb* v. *Lockhart,* 18 *Ga.* 507, and cit. An examination of the remarks of counsel which are complained of will show that there was no effort to introduce any fact not disclosed by the evidence.

3. While instructing the jury, the court charged as follows: "The duty resting by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the danger is impending, or the circumstances are such that an ordinarily prudent man would have reason to apprehend its existence." In one of the grounds of the motion for new trial this charge is complained of as erroneous, for the reason that it was inapplicable to the facts of the case and because it did not correctly state the law; it being contended that the plaintiff's duty to exercise ordinary care for his own safety begins as soon as the defendant's negligence comes into existence. We have carefully examined the evidence and can not agree with counsel for the plaintiff in error that this rule is inapplicable to the facts of the case. The charge of the court is not exactly in the language of the opinion in the case of *W. & A. R. Co.* v. *Ferguson,* 113 *Ga.* 708, and *Williams* v. *Southern Ry. Co.,* 126 *Ga.* 710, but is substantially in accord with the principle therein ruled.

4. Diligence of the person injured and negligence of the defendant were questions peculiarly for the jury. Under the principles announced in *Williams* v. *Southern Ry. Co.,* supra, the evidence upon these questions was of such character as to authorize

the case to go to the jury. See also *Shaw* v. *Ga. R.*, 127 *Ga.* 8; *G., C. & N. R. Co.* v. *Mathews*, 116 *Ga.* 424. The amount of the verdict was such as to indicate that the jury regarded the plaintiff's husband as guilty of some negligence, but not of such conduct as would amount to a want of ordinary care for his own safety after the negligence of the defendant came into existence and was known, or by the exercise of ordinary care could have been known, by him. The evidence upon this point was of such character as · to support such a finding, and the evidence as a whole was sufficient to support the verdict. Under these conditions we will not interfere with the discretion of the trial court in refusing to grant a ·new trial. See, in this connection, *L. & N. R. Co.* v. *Gassoway*, ante, 178; *Southern Ry. Co.* v. *Rumsey*, 124 *Ga.* 742.

      *Judgment affirmed. All the Justices concur.*