### 68920. WILLIAMS v. THE STATE.
(324 SE2d 544)

CARLEY, Judge.

Appellant appeals from his conviction of aggravated assault and escape. His only enumeration of error is that the trial court failed to grant his motion for a mistrial based upon remarks made by the prosecuting attorney.

The evidence admitted at trial established that appellant, who was being arrested for a traffic violation, produced a gun and fired two shots at the arresting officer. After disabling the officer's patrol car by shooting one of its tires, appellant escaped in the car which he had been driving. There were two eyewitnesses to the incident, one of whom was the victim. The other eyewitness was appellant's cousin, who was riding with appellant when he was stopped for the traffic violation.

During his closing argument to the jury, the prosecutor mentioned two specific instances wherein law enforcement officials had been killed while attempting to effect arrests. He further stated that "[b]ut for the grace of God," appellant would have been on trial for just such an offense. Appellant sought a mistrial upon the basis of these remarks, but the trial court denied his motion.

We find that the prosecutor's statements, which concerned matters which were not in evidence and which were not relevant to the guilt or innocence of appellant, constituted improper closing argument. "However, '[t]he trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate court unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial.' [Cit.] What we must decide is whether the uncorrected argument of counsel in this case resulted in a miscarriage of justice. [Cit.] The proper standard for such a determination is the ' "highly probable test," i.e., that it is highly probable that the error did not contribute to the judgment.' [Cit.]" *Sanford v. State,* 153 Ga. App. 541, 542 (265 SE2d 868) (1980).

Our examination of the transcript in the instant case reveals that the evidence against appellant was overwhelming, particularly in light of the testimony of the two eyewitnesses. Accordingly, we conclude that it is highly probable that the improper remarks of the prosecutor did not contribute to the jury's verdict. See *Jones v. State,* 159 Ga. App. 704 (2) (285 SE2d 45) (1981); *Carpenter v. State,* 167 Ga. App.

634, 640 (7) (307 SE2d 19) (1983), affirmed 252 Ga. 79 (310 SE2d 912) (1984). We find no reversible error.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 20, 1984.

*J. Reese Franklin*, for appellant.

*Lew S. Barrow, District Attorney, David C. Walker, Robert B. Ellis, Jr., Assistant District Attorneys*, for appellee.