## A92A1314. TURNER v. THE STATE.
### (426 SE2d 168)

COOPER, Judge.

Appellant, along with his brother and girl friend, was indicted for the offense of robbery by use of force against a person over the age of 65 years. Following his conviction by a jury, appellant appeals from the judgment of conviction entered on the verdict.

In his two enumerations of error, appellant asserts the general grounds and contends that the trial court erred in not granting his motion for directed verdict. Construing the evidence to support the verdict, the evidence adduced at trial reveals that on November 30, 1990, law enforcement officers with the local sheriff's department and Georgia Bureau of Investigation responded to a report of an assault at the residence of the victim, appellant's 70-year-old uncle. Corporal Allen testified that when he arrived at the victim's home he found the victim standing in the backyard. Corporal Allen retrieved a shoestring from the yard which the victim stated his assailants had used to tie his hands. Upon further questioning the victim indicated that appellant and one of his brothers had robbed him. Investigator Suber testified that when he arrived, the victim had blood running down his face and stated that Oran and Cuthbert Turner had robbed him. Investigator Suber immediately noticed that the victim's home had a very bad smell. Special Agent Ricks also investigated the robbery and testified that he too noticed a very distinct odor in the victim's home. Agent Ricks testified that the victim told him that appellant and another of the Turner brothers had robbed him. Cuthbert Turner, appellant's brother, testified that on the night of the robbery, he had been drinking with appellant and appellant's girl friend and did not remember many of the events of that night. He stated that sometime before the robbery, he told appellant that the victim carried a lot of money on him, and several weeks after the robbery, appellant told him that they had robbed the victim. Appellant's sister testified that on November 30, 1990, appellant and Cuthbert wanted to borrow her mother's car, but she would not allow them to use the car. However, later that same day, appellant's sister gave appellant's girl friend per-

mission to use the car. After the car had been returned, appellant's sister was driving the car to take Cuthbert and appellant home, when she was stopped by the police. Appellant's sister consented to a search of the car which revealed a tennis shoe with a missing shoestring, a wallet with the victim's name stamped in it and a wallet belonging to appellant which contained $288. Investigator Suber and Agent Ricks testified that the money recovered from appellant's wallet had the same odor as the odor emanating from the victim's home. Investigator Suber testified that subsequent to the arrest, he received a letter signed by Cuthbert Turner, which described events that occurred the day of the robbery in part as follows: "[Appellant] asked me was what I said to my mom true. I said yes, [the victim] had a lot of money. [Appellant] said 'we ought to go borrow my mother's car and rob him.' Me and [appellant] and [appellant's girl friend] went to my mother's and borrowed her car. They left and said they were going to get groceries. I passed out in the back seat. When I woke up we had stopped at a 7-11 store and got some beer and cigarettes. As we were leaving [appellant] handed me some money and told me it was money he owed me, so I put it in my pocket." At trial Cuthbert denied writing the letter, and appellant's girl friend, who along with Cuthbert entered a guilty plea prior to appellant's trial, testified that she and Cuthbert robbed the victim but that appellant was not present.

During the trial, which took place approximately 15 months after the robbery, the victim often appeared to be disoriented and confused about his testimony. He stated that a man and a woman dressed like a man beat him and robbed him of about $1,800 or $1,900. The victim did not recognize appellant as being one of his nephews and was unable to identify his wallet although he admitted that the wallet had his name in it. The victim also remembered telling the officers responding to the robbery call that two of the Turners had robbed him.

Appellant supports his argument on appeal with a different version of the facts adduced at trial including the sequence of events related by his witnesses. "Judging the credibility of witnesses and weighing the evidence are functions within the province of the jury. ' "(A)ppellate courts do not weigh the evidence or determine the credibility of the witnesses, but look only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt." [Cit.]' [Cit.] Further, on appeal we are required to view the evidence in the light most favorable to the verdict. [Cit.]" *Lucas v. State*, 192 Ga. App. 231, 232 (1) (384 SE2d 438) (1989). Having reviewed the transcript in its entirety, we conclude that a rational trier of fact could have found appellant guilty of robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 14, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992.

*William R. Folsom*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.