A95A2273. RAPPS v. PHH US MORTGAGE CORPORATION.

(469 SE2d 731)

BIRDSONG, Presiding Judge.

Betsy Luise Rapps appeals the grant of summary judgment to PHH US Mortgage Corporation. Although this action began as a dispossessory, Rapps filed a counterclaim alleging that the deed to secure debt on which the dispossessory was based had been altered to include the property in question and subsequently added other claims based upon what she contends was PHH's fraudulent conduct.

According to Rapps, while she owned a home in Virginia, she decided to buy a house in Georgia and to finance the purchase price with a first mortgage on the property and with a swing or bridge loan secured by the equity in the Virginia home. When the swing loan became in default, PHH foreclosed on the Georgia property and then initiated dispossessory proceedings against Rapps in magistrate court on the property in question. Although Rapps filed counterclaims that caused the action to be transferred to superior court, the dispossessory issued pursuant to an agreement between the parties. Rapps maintains that the swing loan was not secured by the Georgia property and that the dispossessory is based on the fraudulent alteration of the deed of trust to show that the Georgia property was also security for the loan. Subsequently, the trial court found that Rapps had not sufficiently established her claims and granted summary judgment to PHH. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474).

2. Here, although PHH denied that the documents had been altered, Rapps' response to PHH's motion for summary judgment was supported by testimony from herself and her husband stating that the documents at the closing referenced only the house in Virginia as security for the loan and further stating the documents which they signed at the closing did not include the Georgia property as security for the loan. Thus, Rapps alleged that the security deed had been altered by substituting a page showing the property description with

pages that were attached from the deed she signed. With this direct conflict in the testimony concerning the security deed, an issue of fact was created, and Rapps discharged her duty under our summary judgment law by pointing to "specific evidence giving rise to a triable issue." *Lau's Corp. v. Haskins*, supra at 491. Further, any doubts on the existence of a genuine issue of material fact are resolved against the movant for summary judgment (*Kelly v. Vargo*, 261 Ga. 422, 423 (405 SE2d 36)), and determining the credibility of witnesses and weighing the evidence are functions within the province of the jury. *Turner v. State*, 206 Ga. App. 683, 684 (426 SE2d 168).

Therefore, we find that PHH's denials were not sufficient to overcome Rapps' specific allegations of fraud which are supported in the record by the absence of references to the Georgia property on certain relevant documents. In this regard we note that the original security deed, which under usual Georgia practice would consist of one continuous form, was never produced by PHH. Giving Rapps the benefit of doubts and inferences to which she is entitled under our summary judgment law, we are satisfied that the evidence which she presented was sufficient to create a genuine issue of material fact on her claims that PHH wrongfully foreclosed on her property through a material alteration of the security deed. Under the evidence of this case, Rapps presented sufficient evidence to create a genuine issue on whether PHH's agent altered the security deed. See *Intl. Harvester Co. v. Davis*, 13 Ga. App. 1, 3 (78 SE 770). Further, the assertion by PHH that Rapps cannot preserve a claim for wrongful foreclosure without first setting aside the foreclosure is contrary to our law. *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 286 (443 SE2d 837).

3. In view of our disposition of the issue in Division 2, we need not address Rapps' other enumerations of error.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED FEBRUARY 27, 1996 —
RECONSIDERATION DENIED MARCH 12, 1996 — ■

*Jeffrey L. Sakas*, for appellant.
*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Linda S. Finley, Peter L. Lublin, Jay B. Bell*, for appellee.