A97A0262. STRICKLAND v. BROWN et al.

(487 SE2d 105)

BEASLEY, Judge.

While driving his automobile Jon Strickland struck a disabled Cadillac driven by Perez Brown and owned by Serene Coppage. Strickland appeals from summary judgment in favor of Brown and Coppage.

1. In a motion for summary judgment, " '(a)ny doubt as to the existence of substantial issues of fact is resolved against the movant. The party opposing the motion is to be given the benefit of all reasonable doubt and all favorable inferences that may be derived from the evidence produced.' [Cit.]" *City of Atlanta v. North by Northwest Civic Assn.*, 262 Ga. 531, 537 (4) (422 SE2d 651) (1992). See OCGA § 9-11-56; *Rapps v. PHH US Mtg. Corp.*, 220 Ga. App. 602, 603 (2) (469 SE2d 731) (1996).

The evidence favorable to Strickland shows that before sunlight on a foggy morning in October 1994, Brown borrowed Coppage's Cadillac to drive to work. Coppage, who had owned the fourteen-year-old car for about one year, had never experienced any problems with it. Brown was driving northbound in the third lane from the right on I-75/85 in Atlanta when the Cadillac made a repeated vibration noise. Even though he was unsure of the cause of the vibration, Brown made no effort to pull off the road to check on it nor to change lanes to be nearer the emergency lane. Two exits later the Cadillac lost power as a result of a sheared-off driveshaft, and Brown was unable to pull over into the emergency lane because of traffic. After the car stopped, Brown left it in the center lane and went for help. It is disputed whether Brown left the Cadillac's lights on or put the emergency flashers on.

Strickland was proceeding in the same lane when the automobile he was following suddenly swerved and veered left. At that point he first observed the vacant Cadillac stopped in front of him and was unable to prevent a collision with it. Strickland sued Brown and Coppage for damages on the theory that Brown violated OCGA § 40-6-203 (a) (1) (I), which forbids stopping a vehicle on a controlled-access highway. Brown and Coppage answered that this statute does not apply to vehicles which become suddenly disabled. See OCGA § 40-6-204. Summary judgment followed.

2. " ' "The owner or driver of a motor vehicle must exercise reasonable care in the inspection of his machine to discover any defects that may prevent its proper operation, and is chargeable with knowledge of any defects which such inspection would disclose." (Cit.)' [Cit.]" *Fouts v. Builders Transport*, 222 Ga. App. 568, 578 (10) (474 SE2d 746) (1996). If there is evidence from which a jury could infer that the owner or driver of the vehicle had actual or constructive

knowledge of the defective condition of the vehicle, summary judgment is inappropriate. Id.

A jury could infer from Brown's testimony concerning the repeated vibration of the Cadillac two exits before it lost power that Brown was on notice of a problem and was negligent in deciding not to take preventive measures such as stopping in the emergency lane and inspecting the car or at least moving into the far right lane so he could access the emergency lane if necessary. Because drivers may not stop on controlled-access highways (OCGA § 40-6-203), and because the exception to this statute applies only when the vehicle is disabled in such a manner "that it is impossible to avoid stopping" and leaving the vehicle temporarily on the highway (OCGA § 40-6-204), a jury could find it was possible for Brown to avoid stopping on the expressway had he addressed the vibration noises as a sign of car trouble and acted accordingly. Brown was not entitled to summary judgment.

In both *McCubbin v. Bryant*, 197 Ga. App. 874 (399 SE2d 746) (1990), and *Brown v. Shiver*, 183 Ga. App. 207 (358 SE2d 862) (1987), cited by Brown as examples of summary judgments affirmed under purportedly similar circumstances, defendants had no prior warning that their cars might stall.

3. The Cadillac's owner Coppage, on the other hand, was not in the car at the time of the vibrations and had no prior notice that there was any problem. Her " '[o]wnership of [the] vehicle alone is not sufficient to establish [her] liability. (Cits.)' [Cit.]" *Alamo Rent-A-Car v. Hamilton*, 216 Ga. App. 659, 660 (455 SE2d 366) (1995). Because there is no allegation nor evidence that Brown was in a master-servant or agency relationship with Coppage, she was properly granted summary judgment.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 22, 1997.

Before Judge Lee.

*Tyron C. Elliott*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Edward A. Miller, Pullin, Knopf, Fouks & Flanagan, Benjamin T. Hughes*, for appellees.

