A01A0940. BUTLER v. THE STATE.
(552 SE2d 565)

BARNES, Judge.

This case is before us again following the grant of Tony S. Butler's motion for an out-of-time appeal after his earlier appeal was dismissed because the notice of appeal was untimely filed. Butler appeals his convictions for voluntary manslaughter and aggravated assault.[1] He alleges that the verdict is contrary to the evidence, without evidence to support it, is decidedly and strongly against the evidence, and is contrary to law and principles of justice and equity. He also alleges that the trial court erred by omitting part of the jury charge on justification. Finding no error, we affirm.

1. Butler's allegations that the verdict is contrary to and strongly against the evidence and contrary to law and principles of justice and equity do not fall within the jurisdiction of this court.

> The denial of a motion for new trial on these grounds addresses itself to the discretion of the trial judge. On appeal, this Court only reviews the evidence to determine if it is sufficient to support the verdict. This is a question of law, not discretion. The evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt.

(Citation omitted.) *Pettus v. State,* 237 Ga. App. 143 (1) (514 SE2d 901) (1999). When determining whether the evidence is sufficient to support the verdict, we neither weigh the evidence nor judge witness credibility (*Grant v. State,* 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990)), because those tasks are within the province of the jury. *Tur-*

---

[1] The conviction for aggravated assault was merged with Butler's conviction for voluntary manslaughter for sentencing purposes.

*ner v. State*, 206 Ga. App. 683, 684 (426 SE2d 168) (1992).

Viewed most favorably to the verdict, the evidence shows that days after Michael Darrell Kitchens robbed Butler, Kitchens and a man were standing near a parking lot when a car in which Butler was a passenger pulled up. Kitchens appeared to put his hand in his back pocket for a gun, and then he approached the car. He asked Butler if Butler was the one he had robbed earlier. Saying that he wanted to pay Butler for what he had stolen, Kitchens appeared to be putting his hand in his pocket for money when he reached in the car trying to grab a pistol that was under Butler's leg on the car seat. Kitchens and Butler struggled for the gun, and when he could not get the gun away from Butler, Kitchens ran away. Butler and the other man in the car chased after him. Butler had a gun in his hand and fired a shot. The men chased Kitchens behind a building, and more shots were fired.

Later, Butler and the other man returned to their car and drove off. Kitchens was found dead on the scene from a gunshot wound. Although Kitchens had a reputation for being a robber and was known to have been charged with murder, he was not seen with a gun that night.

After having reviewed the evidence discussed above in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Butler guilty of voluntary manslaughter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Butler contends the trial court erred when it gave the prosecution's requested jury charge on revenge. The charge requested and given advised the jury: "To deliberately kill in revenge for past injury, however, heinous, cannot be justifiable after reason has had time to resume its sway." Butler's complaint, however, is not that this charge is erroneous. Indeed, he could not make such a complaint because his counsel stated that she had no objection to the charge before it was given.

Instead, he contends the charge should have contained the information contained in Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), § AA (7), pp. 48-49. Butler, however, did not make a written request for this charge, and, as this was not his sole defense,[2] the trial judge did not commit reversible error by failing to give a charge that was not requested in writing. *Bullock v. State*, 202 Ga. App. 65, 66 (1) (413 SE2d 219) (1991).

---

[2] Butler's defense was justification because of self-defense, and his requested charges on this theory were given.

> While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the failure to give instructions to the jury, this does not relieve him from the necessity of requesting instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.

(Citation and punctuation omitted.) *Kitchen v. State*, 263 Ga. 629, 630 (1) (436 SE2d 645) (1993). As the failure to give the charge Butler now believes should have been given was not clearly harmful and erroneous as a matter of law, we find no error.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 17, 2001.

*Franklin & Hubbard, Brooks S. Franklin, William F. Holbert*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys*, for appellee.