### A02A0216. JONES v. BANK OF AMERICA MORTGAGE.
(561 SE2d 867)

MIKELL, Judge.

Freddie L. Jones brought a wrongful foreclosure action against Bank of America Mortgage,[1] seeking to set aside the foreclosure sale,

---

to recover general damages, punitive damages, and attorney fees, and to obtain a declaratory judgment vesting title to the real property in Jones. The trial court granted summary judgment to BAM, and Jones appeals. For the reasons set forth below, we affirm.

Viewed in a light most favorable to Jones, as the nonmovant,[2] the evidence shows that in 1990, Jones assumed a promissory note executed in favor of BAM's predecessor in interest in the amount of $65,650. The note was secured by a deed to secure debt covering certain real property in Decatur. Under the terms of the deed, payments were due on the first day of each month. Paragraph 13 of the security deed provided that time was of the essence of the agreement, and that if Jones failed to pay the indebtedness when due, or to abide by the terms of the promissory note or the deed,

> the entire indebtedness hereby secured shall immediately become due, payable and collectible without notice, . . . and [BAM] may sell said property at auction . . . at the courthouse in the county where the land lies, . . . to the highest bidder for cash, first giving four (4) weeks notice . . . of such sale, by advertisement once a week in a newspaper. . . .

In addition, Jones's predecessors in title executed a waiver of rights form, acknowledging the lender's right to accelerate the debt and to conduct a nonjudicial foreclosure sale upon the borrower's default.

An account activity statement reveals that Jones made numerous late and irregular payments on the loan. On June 7, 1999, BAM's legal counsel, Morris, Schneider & Prior, LLC, sent Jones a notice, pursuant to the Fair Debt Collection Practices Act, that it had been retained to collect the loan. The letter informed Jones that the lender would no longer accept any payments or communications from him.

Notwithstanding receipt of this letter, Jones tendered the June payment to BAM on June 26, 1999, including a returned check fee and a late charge. The tender was rejected. On July 8, 1999, Jones wrote the law firm a letter disputing that the loan was in arrears and requesting verification of the debt. The first weekly advertisement of the foreclosure sale was published on that date.

On July 15, 1999, the law firm sent Jones a letter notifying him that the lender was accelerating the debt and instituting foreclosure procedures under the power of sale contained in the security deed. On July 20, 1999, Jones resubmitted the June payment and tendered a payment for July. In a letter addressed to BAM's foreclosure depart-

---

[2] See *Rapps v. PHH US Mtg. Corp.*, 220 Ga. App. 602, 603 (2) (469 SE2d 731) (1996) ("any doubts on the existence of a genuine issue of material fact are resolved against the movant for summary judgment").

ment, Jones denied the lender's claim that he was several months in arrears.

The foreclosure sale was held on August 3, 1999. BAM purchased the property for $68,384.16. Jones initiated a wrongful foreclosure action, and the trial court granted summary judgment to BAM.

1. In his first enumeration of error, Jones contends that a genuine issue of fact remains as to whether he had defaulted on the terms of the note at the time the lender accelerated the debt. We disagree.

The gravamen of Jones's argument is that the affidavits that he and his wife, Callie Jones, filed in response to the summary judgment motion create a genuine issue of material fact by stating that the loan was not in default and that the lender had accepted all payments until June 1999. Contrary to Jones's argument, in the absence of substantiating facts, the affidavits are self-serving and conclusory and are therefore insufficient to create an issue for trial. *Hobbs v. Western Surety Co.*, 247 Ga. App. 658 (544 SE2d 729) (2001). The business records and affidavits submitted by the lender in support of its motion conclusively demonstrate that Jones defaulted on his obligation to pay each monthly installment when due.

2. In his second enumeration of error, Jones contends that the trial court erred in granting summary judgment to BAM because it failed to provide him with notice of foreclosure by certified mail, return receipt requested, as required by OCGA § 44-14-162.2 (a). As Jones failed to raise this issue prior to the entry of the trial court's order on March 5, 2001, it is deemed waived. *Rucker v. Wynn*, 212 Ga. App. 69, 71 (2) (441 SE2d 417) (1994). Moreover, Jones's affidavit denying receipt of said notice, which Jones submitted on April 3, 2001, as part of his motion for reconsideration, was not timely filed pursuant to OCGA § 9-11-56 (c). *Buffington v. Gold Kist*, 179 Ga. App. 393, 394 (346 SE2d 577) (1986).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 12, 2002.

*Giddens, Davidson & Mitchell, Earl A. Davidson*, for appellant. *Morris, Schneider & Prior, Larry W. Johnson*, for appellee.