A03A0516. COLE v. THE STATE.
(584 SE2d 37)

SMITH, Chief Judge.

Terrance Cole was convicted by a jury of the offense of aggravated assault. His amended motion for new trial was denied, and he appeals. Construed in favor of the verdict, evidence was presented that Cole shot the victim with a "big," "automatic" gun inside a public swimming pool locker room. Cole does not challenge the sufficiency of the evidence but instead raises arguments concerning the court's rulings on an evidentiary matter, jury instructions, and closing argument. He also contends that he was denied effective assistance of counsel. We find no reversible error, and we affirm.

1. Cole argues that the trial court erred in not allowing him to present "good character evidence" in the form of "the victim's general character of violence." In an attempt to elicit information from one of Cole's witnesses that the victim had a violent reputation, defense counsel asked a series of questions concerning the extent of the witness's acquaintance with the victim. The witness testified that he had known the victim "for a couple of years," had "seen him around a lot," and knew whom the victim "hangs out with." The witness also testified, however, that he did not "know him good." Defense counsel asked the witness if he knew the victim's reputation, and the trial

court sustained the State's objection on the ground that Cole had not laid a proper foundation for the introduction of reputation testimony. Counsel later made a proffer that this witness would have testified that the victim "was known to carry a gun and he is known to shoot people."

Trial courts have broad discretion to determine whether a sufficient foundation has been provided for the introduction of evidence. *Wilson v. State*, 241 Ga. App. 426, 428 (1) (b) (526 SE2d 381) (1999). We find no abuse of that discretion here, as the witness testified that he did not know the victim "good." But even if, as Cole argues, a proper foundation was laid for the witness's testimony concerning the victim's reputation, we find no reversible error.

Even though the trial court did not allow Cole's witness to testify concerning the victim's bad reputation, other evidence was presented of the victim's prior "bad acts." The jury learned that drug charges were pending against the victim at the time of trial, that he often would "jump" on younger children, that he had thrown a brick at a bus driver, and that he had been suspended from riding the school bus due to violent behavior and threats. In addition, evidence of a number of difficulties between Cole and the victim was presented to the jury. For example, Cole testified that the victim once struck him with "a stick boarded with nails" and that, on another occasion, the victim reached into the car in which Cole was sitting, punched him in the face, opened the door, and kicked him in the arm. Cole also testified that the victim was once inside a car with friends, and Cole saw a gun "hanging out the window." Evidence was presented that the victim lived in a neighborhood known as "Capitol Homes," and one witness acknowledged on cross-examination that "all those Capitol Home boys carry guns." Given the ample evidence of the victim's reputation for violence, any error in excluding the cumulative testimony of one witness was harmless. See *Marshall v. State*, 275 Ga. 740, 743 (5) (571 SE2d 761) (2002).

2. Cole argues that during closing argument, the trial court erroneously allowed the State to present "irrelevant and improper comments on material not in evidence." He bases this contention on the following statement by the prosecutor to the jury: "How only by the grace of God we're not here on a murder prosecution, ladies and gentlemen." Cole's immediate objection was overruled by the trial court, and the prosecutor's argument continued.

"As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion." (Footnote omitted.) *Arnold v. State*, 249 Ga. App. 156, 162 (4) (545 SE2d 312) (2001). This "wide latitude" encompasses the prosecutor's ability to argue reasonable inferences raised by the evidence. *Wyatt v. State*, 267 Ga. 860, 864 (2)

(a) (485 SE2d 470) (1997). Here, evidence was presented that Cole walked toward the victim and fired two shots at him at a close range. The prosecutor's statement consequently was a reasonable inference drawn from the evidence. Although this court found a similar statement to be improper in *Williams v. State*, 172 Ga. App. 682 (324 SE2d 544) (1984), on which Cole relies, we find no basis for reversal here. In *Williams*, the prosecutor "mentioned two specific instances wherein law enforcement officials had been killed while attempting to effect arrests" and "stated that 'but for the grace of God,' appellant would have been on trial for just such an offense." (Punctuation omitted.) Id. The defendant had no connection with the "specific instances" referred to by the prosecutor, and this court concluded that the prosecutor improperly commented on matters not in evidence and that the statements were not related to the defendant's guilt or innocence. Id. Here, however, the prosecutor did not discuss specific facts not in evidence. As discussed above, his comment was a reasonable inference raised by the evidence. The trial court did not abuse its discretion in overruling Cole's objection.

3. Cole argues that the trial court erroneously failed to give an accident instruction following a "specific request from the jury." Cole presented a justification defense, testifying that the victim walked toward him with a gun as if he were going to shoot him, that he and the victim began "tussling over the gun," and that he pulled the trigger and shot the victim. He also stated that he grabbed the gun "because I was in fear of my life" and that he shot the victim in order to defend himself. During deliberations, the jury sent the court the following note: "We'd like to know if the shots were accidental and the intent to harm was not there, could we still consider an aggravated assault?" Defense counsel argued that the question "demands a charge on intent, accident and self-defense" but did not submit a written request. The trial court refused to give a charge on accident but recharged the jury on intent and justification.

"Generally, the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court." (Footnote omitted.) *Buchanan v. State*, 254 Ga. App. 249, 252 (3) (562 SE2d 216) (2002). Cole "did not make a written request for this charge, and, as this was not his sole defense, the trial judge did not commit reversible error by failing to give a charge that was not requested in writing." (Citation and footnote omitted.) *Butler v. State*, 250 Ga. App. 626, 627 (2) (552 SE2d 565) (2001). Like the defendant in *Butler*, Cole's "defense was justification because of self-defense." Id. at 627, n. 2. The trial judge fully charged the jury on justification and self-defense, and we find no abuse of discretion in the trial court's refusal to give an accident charge.

4. In three enumerations of error, Cole argues he was denied effective assistance of counsel because his attorney failed to object to a line of questioning and comment by the prosecutor concerning Cole's failure to talk to the police and because defense counsel failed to request a jury instruction concerning his right to remain silent. Cole's trial counsel apparently did not testify during Cole's motion for new trial hearing.[1]

To demonstrate ineffective assistance of counsel, a defendant must show deficient performance by counsel and resulting prejudice from this deficiency. *Nichols v. State*, 253 Ga. App. 512, 515 (2) (559 SE2d 538) (2002). "A strong presumption exists that counsel's conduct fell within the wide range of reasonable professional assistance. And where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption." (Citation and punctuation omitted.) Id. Furthermore, "in the absence of testimony to the contrary, counsel's actions are presumed strategic." (Citations and punctuation omitted.) Id. On direct examination, Cole explained why he waited until three days after the shooting to turn himself in to the police. On cross-examination, the prosecutor asked further questions concerning his reasons for leaving the scene without talking with the police and during closing argument commented that Cole made no effort to talk with the police for three days after the shooting. In the absence of trial counsel's testimony or other evidence to the contrary, we must presume that counsel's pursuit of this line of questioning and argument and his failure to object to the State's questions and comments were strategic. Cole has failed to demonstrate deficient performance by trial counsel, and we find no basis for reversal on grounds of ineffectiveness.

*Judgment affirmed. Miller, J., concurs. Ruffin, P. J., concurs and concurs specially.*

RUFFIN, Presiding Judge, concurring and concurring specially.

I concur in the Court's judgment, but because I have special concerns regarding Division 2 relating to the invocation of the Deity in final argument, I write separately to express those concerns.

During closing argument for the State, the prosecutor stated, "How only by the grace of God we're not here on a murder prosecution, ladies and gentlemen." The majority found that this argument "was a reasonable inference drawn from the evidence." I disagree.

"Prosecutors are granted wide latitude in conducting closing

---

[1] Cole's notice of appeal bears a handwritten notation stating that the motion for new trial transcript "need not be forwarded" to this court. Cole does not dispute the State's recital in its appellate brief that trial counsel did not testify during the motion for new trial hearing.

argument, and defining the bounds of such argument is within the trial court's discretion."[2] However, the argument should be confined to reasonable inferences raised only by the evidence.[3] While it is reasonable to infer that someone shot twice at close range is fortunate to escape death from such shots, I nonetheless find it inappropriate to invoke religion in making such an inference.

The Supreme Court of Georgia has noted, particularly in death penalty cases, that prosecutors should avoid "references to religion which invite jurors to base their verdict on extraneous matters not in evidence."[4] The Court has been especially troubled by instances where the prosecutor has directly quoted the Bible and has found that such references "invoked a higher moral authority and diverted the jury from the discretion provided to them under state law."[5] While the prosecutor in this case did not go so far as to quote the Bible, the underlying problem that the Supreme Court feared, that jurors might rely on religious beliefs and laws to reach a verdict instead of Georgia law, remains a robust risk.

However, in reviewing the long line of cases espousing this principle, courts have declined to reverse convictions simply because "passing, oratorical references to religious texts," biblical law, and God were made in closing argument.[6] And, as here, where the comment was of a passing nature, reversal is not mandated. Thus, I concur in the result reached by the majority in Division 2, and I concur fully in the remaining Divisions.

DECIDED JUNE 19, 2003.

*Sharon L. Hopkins*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.

---

[2] (Punctuation omitted.) *McMahon v. State*, 258 Ga. App. 512, 516 (4) (574 SE2d 548) (2002).

[3] See *Leon v. State*, 237 Ga. App. 99, 103-104 (2) (c) (513 SE2d 227) (1999).

[4] *Carr v. State*, 267 Ga. 547, 556 (7) (c) (480 SE2d 583) (1997).

[5] *Carruthers v. State*, 272 Ga. 306, 308-310 (2) (528 SE2d 217) (2000) (death sentence overturned because of biblical references in closing argument). See *Hammond v. State*, 264 Ga. 879, 886-887 (8) (c) (452 SE2d 745) (1995) (quoting Bible, although improper, harmless).

[6] *Carruthers*, supra at 309. See *Western & Atlantic R. Co. v. York*, 128 Ga. 687, 689 (2) (58 SE 183) (1907) ("Counsel may bring to his use in the discussion of the case well-established historical facts and may allude to such principles of divine law relating to transactions of men as may be appropriate to the case."); *Conner v. State*, 251 Ga. 113, 122-123 (6) (303 SE2d 266) (1983) (same); *Hill v. State*, 263 Ga. 37, 45-46 (19) (427 SE2d 770) (1993) (brevity of religious references did not warrant overturning sentence); *Carr*, supra at 556 (even if reference asking jury to "pray" was improper, it was too brief to have impacted the case).