### 54915. EASTSIDE CARPET MILLS, INC. et al. v. DODD et al.

BIRDSONG, Judge.

This appeal involves the efforts of appellants, Eastside Carpet Mills, Inc. and C. G. Garrison (Garrison), to recover a sum of money from the Calhoun First National Bank (bank), based on theories of unjust enrichment and mutual mistake. Stipulations between the litigants reveal that one C. J. Dodd (Dodd) purchased an automobile with funds loaned by the bank, which in turn obtained a note for the funds and a lien on the automobile. Subsequently, Dodd sold the vehicle to Garrison, who wrote checks in the amount of the purchase price, payable to Dodd. Dodd endorsed these checks over to the bank as consideration for release of the note and satisfaction of the lien.

After receiving the automobile and title thereto, Garrison was notified by the FBI that the automobile was stolen. Garrison returned it to its rightful owner and brought suit against the bank based upon two theories of relief: money had and received; and mutual mistake of fact. Neither the bank nor Garrison knew that the vehicle was stolen. From the denial of its motion for summary

judgment and the grant of the bank's motion to dismiss, Garrison appeals. *Held:*

"An action for money had and received lies in all cases where another has received money which the plaintiff ex aequo et bono is entitled to recover and which the defendant is not entitled to retain. [Cit.] Although legal in form, being an action in implied assumpsit, it is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another, and it is a substitute for a suit in equity. [Cit.] It is the appropriate remedy where one wrongfully receives and retains the money of another." *J. C. Penney Co. v. West,* 140 Ga. App. 110, 111 (230 SE2d 66). Logically, then, "[w]hen one sues for money had and received for his use, he must prove that the money was his own." *Cohen v. Garland,* 119 Ga. App. 333 (2) (167 SE2d 599). Although equity will relieve a mistake of fact material to a *contract* (Code Ann. § 37-206), it is plain that no contract existed between Garrison and the bank.

As the bank was not unjustly enriched, having received only those funds to which it was entitled as a result of its loan to Dodd, and no relationship of any kind was shown to exist between Garrison and the bank, the trial court did not err in denying appellant's motion for summary judgment and granting appellee's motion to dismiss.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 3, 1977 — DECIDED JANUARY 24, 1978.

*Chance, Maddox & Jones, Howard W. Jones,* for appellants.

*Langford, Pope & Bailey, William P. Bailey, J. Alexander Johnson,* for appellees.