### 57778. BUDDY'S APPLIANCE CENTER, INC. et al. v. AMANA REFRIGERATION, INC.

Smith, Judge.

The trial court granted appellee's motion for summary judgment in its suit on an open account. Appellants, Buddy's Appliance Center, Inc. and James D. Poole, guarantor, assert that the lower court erred in granting summary judgment in favor of appellees because genuine issues of fact remain and because reasonable attorney fees were not proved. We affirm as to appellant Poole. As to appellant Buddy's Appliance Center, Inc., we reverse on the issue of attorney fees only.

1. "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." CPA § 56 (e) (Code Ann. § 81A-156 (e)). Appellee's pleadings, exhibits, and affidavit establish, prima facie, that Buddy's Appliance Center owes appellee $3,575.01. Appellant Poole's affidavit, which was appellants' only response to appellee's motion, fails to make a substantial response to appellee's prima facie showing of indebtedness. "When motion for summary judgment is made and supported, the adverse party may not rest upon mere allegations or denials of his pleadings . . ." *Colodny v. Dominion Mortgage &c. Trust,* 141 Ga. App. 139, 141 (232 SE2d 601) (1977). The

trial court did not err in granting appellee's motion for summary judgment against Buddy's Appliance Center with respect to the principal obligation and interest thereon.

2. Appellant Poole asserts that appellee failed to pierce his defense of novation and therefore the trial court erred in entering summary judgment against him. While appellee's affidavit in support of the motion does not address the defense of novation, appellee attached the guaranty agreement to the complaint as an exhibit. The guaranty agreement contains language which constitutes a waiver of the suretyship defense of novation. See *Colodny v. Dominion Mortgage &c. Trust,* supra. "This pierced the defense, sufficient to shift the burden to the defendant to go forward and show by affidavits or otherwise that there was a genuine issue to be tried." *Meade v. Heimanson,* 239 Ga. 177, 179 (236 SE2d 357) (1977). Appellant Poole did not meet this burden in his affidavit, which contains nothing but vague assertions of fact and unsubstantiated conclusions of law. The trial court did not err in entering summary judgment against appellant Poole.

3. In entering summary judgment against appellants, the trial court awarded attorney fees to appellee pursuant to Code § 20-506 (b). As against Buddy's Appliance Center, this was erroneous. Code § 20-506 applies to "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . ." There is nothing in the record which indicates that Buddy's Appliance Center was ever obligated to pay attorney fees. Appellant Poole, on the other hand, agreed to pay reasonable attorney fees in the guaranty agreement and is therefore obligated to pay attorney fees as provided in the judgment of the trial court. *Goldstein v. Ipswich Hosiery Co.,* 104 Ga. App. 500, 514 (122 SE2d 339) (1961).

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Birdsong, J., concur.*

Argued May 9, 1979 — Decided September 10, 1979.

*George P. Montis,* for appellants.

*H. William Cohen, Garrett Backman,* for appellee.