A93A0988. TIME INSURANCE COMPANY v. FULTON-DeKALB
HOSPITAL AUTHORITY.
(438 SE2d 149)

BEASLEY, Presiding Judge.

Time Insurance Company appeals from the dismissal of its suit against Fulton-DeKalb Hospital Authority, d/b/a Grady Hospital ("Grady"), to recover $184,198.94 in insurance benefits allegedly disbursed to Grady in error.

The complaint alleged that co-defendant Taylor applied for health insurance benefits under a group policy issued by Time to Taylor's employer. Coverage was provided by Time based on Taylor's representation that he was employed full-time by the policyholder. Taylor submitted claims to Time under the group policy for medical treatment necessitated by injuries sustained in a fire, and he assigned certain benefits under the group policy to Grady for treatment rendered. The complaint acknowledges that Time paid Grady $184,198.94 "for medical expenses incurred by Taylor at Grady." Time later determined that Taylor was convicted of arson for deliberately setting the fire in which he was injured. The group policy excluded coverage for charges resulting from an intentionally self-inflicted injury and those resulting from the commission of a felony. Time claims to have paid Grady based on a mistake of fact. It seeks a refund based on the theory of money had and received resulting in unjust enrichment.[1]

Grady moved to dismiss the complaint for failure to state a claim or alternatively for judgment on the pleadings, on the ground that as a third-party creditor of Taylor's it was not unjustly enriched and cannot be required to reimburse Time for monies mistakenly paid. The motion was granted and certified as final under OCGA § 9-11-54.

---

[1] Time's claim against Taylor is that he misrepresented his status as an employee of the group policyholder on his application for coverage. It seeks recovery from him of over $450,000 in benefits resulting from Taylor's injuries. The sole issue herein is the claim against Grady.

1. Time asserts that its right to reimbursement under the theory of money had and received should be determined by the trier of fact.

" ' ' "When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, 'the . . . rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.' (Cits.)" (Cit.)' [Cit.]" *Morgan v. Ga. Vitrified Brick &c. Co.*, 196 Ga. App. 779, 780 (1) (397 SE2d 49) (1990). See OCGA § 9-11-12 (b) (6).

"An action for money had and received . . . although legal in form, . . . is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another, and is a substitute for a suit in equity. [Cits.]" *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 402 (349 SE2d 368) (1986).[2] " 'Thus, recovery is authorized against one who holds the money of another which he ought in equity and good conscience to refund. (Cits.)' [Cits.]" *Piedmont Engineering &c. Corp. v. Balcor Partners-84 II*, 196 Ga. App. 486, 489 (1) (396 SE2d 279) (1990). "Under this cause of action, the fact that the money was received from a third person will not affect the liability of the defendant, ' ' "if, in equity and good conscience, he is not entitled to hold it against the *true owner*." ' (Emphasis supplied.) [Cit.]" *Dept. of Med. Assistance v. Hallman*, 203 Ga. App. 615, 616 (1) (417 SE2d 218) (1992). The same rule applies when money is paid under a mistake of fact; "it can not be recovered unless the circumstances are such that the person to whom it was paid can not in good conscience retain it." *Dunlap*, supra at 248 (2).

The issue is whether Time is entitled to relief under any state of provable facts under the theory advanced.

Time relies on *Folsom*, supra, to establish that a jury question remains as to its right to reimbursement. Folsom received an overpayment of the cash surrender value of his life insurance policy due to the insurer's mistake of fact. The insurer sued in federal court for money had and received, and summary judgment was granted to Folsom on the basis that the overpayment was voluntary and not recoverable under OCGA § 13-1-13. In response to a question certified by the federal court of appeals concerning an apparent conflict between OCGA § 13-1-13 and OCGA § 23-2-32 (b), the latter of which authorizes recovery of payments attributable to negligence in the absence

---

[2] Such an action is not, however, an equity case within the meaning of the 1983 Ga. Const., Art. VI, Sec. II, Par. III, relating to the jurisdiction of the Supreme Court. *Folsom*, supra at 403; *Orient Ins. Co. v. Dunlap*, 193 Ga. 241, 246 (17 SE2d 703) (1941).

of prejudice to the other party, the Georgia Supreme Court answered: "In an action for money had and received, the plaintiff generally can recover a payment mistakenly made when that mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party would not be prejudiced by refunding the payment — subject to a weighing of the equities between the parties by the trier of fact." *Folsom*, supra at 406. In the evidentiary posture of summary judgment, issues of fact remained for jury resolution.

Unlike Folsom, who received a gratuitous overpayment and "would not be prejudiced by refunding [it]," id. at 406, Time acknowledges that the mistaken payment to Grady was in compensation for services valued at $184,198.94. It is clear that Grady would be prejudiced by refunding the payment and that it in good conscience may retain payment for medical services rendered. Jury issues remained in *Folsom* concerning plaintiff's negligence, whether defendant in good conscience ought to be able to retain the funds and whether there was an accord and satisfaction between the parties. *Folsom* does not mandate that every claim for money had and received must be presented to a jury, and this is not one of them.

2. Time also asserts that dismissal of the complaint cannot be grounded on the mere fact that Grady provided medical services to Taylor. It cites authority that a claim for money had and received lies even where the recipient of funds paid in error provided services in return for payment.

The cases cited by Time are distinguishable. In *Dept. of Public Health v. Perry*, 123 Ga. App. 816 (182 SE2d 493) (1971), the Department of Public Health was entitled to judgment as a matter of law in an action for money had and received for reimbursement for Medicaid payments made in error to a nursing home which had received prior notice that its eligibility to participate in the plan had been terminated. "[O]ne may not retain money or goods which have come into his hands through mistake and which he is not, in good conscience, entitled to retain." Id. at 819. In *Dept. of Med. Assistance v. Presbyterian Home*, 200 Ga. App. 885 (409 SE2d 881) (1991), the Department of Medical Assistance was estopped from recovering an overpayment of Medicaid funds to a nursing home where it was shown that the recipient had no advance notice that its classification and rate of payment had been changed and where it had materially changed its position in reliance on the funds such that restitution would be inequitable.

Certain foreign authority cited by Grady is instructive. In *City of Hope Nat. Med. Center v. Superior Court*, 10 Cal.2d 465 (2d Dist. 1992), the court reversed the denial of summary judgment, holding that in the absence of fraud, an insurer may not recover payments from a health care provider made under a mistaken belief that the

services rendered the patient were covered by insurance. Likewise, in *Nat. Benefit Administrators v. Miss. Methodist Hosp. &c. Center*, 748 FSupp. 459 (S.D. Miss. 1990), summary judgment was granted to a health care provider in an action for money had and received by an insurer to recover payments mistakenly made on the basis that restitution may not be had when the mistaken payment is made to an innocent third-party creditor. "This exception derives from the fact that the element of unjust enrichment, typically considered a prerequisite for restitution, is absent in such cases." Id. at 465.

In *Lincoln Nat. Life Ins. Co. v. Brown Schools*, 757 SW2d 411 (Tex. App. 1988) summary judgment was granted in favor of a health care provider in an action by an insurer for reimbursement of payments mistakenly made after the expiration of coverage. As between two innocent parties, the loss was placed on the one who created the situation as he was in the best situation to have avoided it.

*Federated Mut. Ins. Co. v. Good Samaritan Hosp.*, 214 NW2d 493 (Neb. 1974), held that a hospital was entitled to retain payments made in error by an insurer for services performed where the hospital had a valid assignment, made no misrepresentations, and had no notice of the mistake.

Having received only those funds to which it was entitled, Grady was not unjustly enriched. See *Eastside Carpet Mills v. Dodd*, 144 Ga. App. 580 (241 SE2d 466) (1978). The pleadings disclose with certainty that Time would not be entitled to recover its payment to Grady under any state of provable facts pursuant to the theory of money had and received. Compare *Dunlap*, supra at (2). Dismissal of the suit as to Grady was correct.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED NOVEMBER 19, 1993.

*Fortson & White, Harvey S. Gray, Michael D. St. Amand*, for appellant.

*Pursley, Howell, Lowery & Meeks, Bryan A. Vroon, Jane F. Thorpe*, for appellee.