## A98A1683. WYATT v. HERTZ CLAIM MANAGEMENT CORPORATION.

(511 SE2d 630)

SMITH, Judge.

Chelsa Wyatt appeals from summary judgment granted against her in favor of plaintiff Hertz Claim Management Corporation on its claim for money paid by mistake. We find no error in the grant of summary judgment. But because the trial court failed to make the required findings of fact in connection with its award of attorney fees under OCGA § 9-15-14, we vacate that portion of the judgment and remand for further proceedings.

The material facts of the litigation between Wyatt and Hertz are not in dispute. Wyatt was involved in an automobile collision with another driver, Jeffrey Swallows, and her claim was negotiated by Hertz on behalf of Swallows and his insurer, Reliance National. After negotiations with a Hertz adjuster, Wyatt settled her claim with Hertz. She executed a release for the amount of $1,500, but Hertz mistakenly issued a draft for $15,000, which Wyatt cashed. Within a few weeks, Hertz contacted Wyatt by telephone and sent her three letters concerning the mistake, but she refused to return the difference between the amount stated in the release and settlement agreement and the draft. According to the adjuster, Wyatt initially acknowledged that the check was in error but refused to return it. The adjuster also testified that her authority to settle the claim never exceeded $5,000. At her deposition, Wyatt contended that Hertz agreed to a settlement of $15,000, although she acknowledged that the release appeared to bear her signature and conceded that she did not contend the signature was forged. She testified that she must have signed the release at work in a hurry after she "probably looked over it." Later in the deposition, Wyatt stated that she did not recall whether she read it. She denied having received any of the letters, and she contended that when the adjuster called her the adjuster was "screaming and hollering" but never mentioned that the amount of the draft was incorrect.

1. "An action for money had and received[,] although legal in form, is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another, and is a substitute for a suit in equity. Thus, recovery is authorized against one who holds the money of another which he ought in equity and good conscience to refund." (Citations, punctuation and footnote omitted.) *Time Ins. Co. v. Fulton-DeKalb Hosp. Auth.*, 211 Ga. App. 34, 35 (1) (438 SE2d 149) (1993). "In an action for money had and received, the plaintiff generally can recover a payment mistakenly made when that mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party would not be prej-

udiced by refunding the payment — subject to a weighing of the equities between the parties by the trier of fact." *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 406 (349 SE2d 368) (1986).

Relying on the decision in *Folsom*, supra, Wyatt contends that summary judgment in Hertz's favor was improper because the trier of fact must always weigh the equities. In effect, Wyatt argues that summary judgment is never appropriate in an action for money had and received. But the Supreme Court of Georgia also made clear in *Folsom* that summary judgment may be granted when there is an admission of liability or indisputable facts clearly establish liability. Id. at 404. This is such a case, because the written release executed by Wyatt conclusively establishes the correct settlement amount agreed upon by both parties.

The laws of contract governing the effect of a release are well established. "In Georgia, a release is subject to the same rules as govern ordinary contracts in writing, and parol evidence is not admissible to contradict or vary the terms or stipulations." (Citations and punctuation omitted.) *Thomaston v. Fort Wayne Pools*, 181 Ga. App. 541 (1) (352 SE2d 794) (1987). "Parties to a contract are presumed to have read their provisions and to have understood the contents. One who can read, must read, for he is bound by his contracts." (Punctuation omitted.) *O'Brien Family Trust v. Glen Falls Ins. Co.*, 218 Ga. App. 379, 382 (3) (461 SE2d 311) (1995). While a legal excuse, such as fraud, may be shown for failing to read, the fraud must prevent the party from reading the contract. *Beckwith v. Peterson*, 227 Ga. 403, 404 (1) (181 SE2d 51) (1971).

In this case, it is undisputed that Wyatt executed a release agreeing to forgo her claims against Hertz's insured for the sum of $1,500. She is a college graduate with some postgraduate education, and she is employed as a fraud analyst for a local bank. Although Wyatt claims that she does not recall reading the release or that she only "scanned" it, she has demonstrated no legal excuse for failing to read it, and she is bound by its provisions. Nor has she demonstrated harm to herself beyond spending the money mistakenly paid, which generally does not constitute "prejudice" in an action for money had and received. *Folsom*, supra at 406. The trial court properly granted summary judgment in favor of Hertz.

2. The trial court's order also directed that Wyatt pay reasonable attorney fees and costs pursuant to OCGA § 9-15-14, but contained no findings of fact. When a judgment awards legal fees or expenses of litigation under OCGA § 9-15-14, but contains no findings by the trial court of conduct that would authorize the award, that portion of the judgment must be vacated. *Shimshi v. A. G. Spanos Dev.*, 228 Ga. App. 669-670 (492 SE2d 531) (1997). Accordingly we vacate that portion of the trial court's order awarding attorney fees. Upon remand,

the trial court is directed to reconsider the award under OCGA § 9-15-14, enter appropriate findings of fact, and enter a new judgment from which the losing party is authorized to appeal. Id.

*Judgment affirmed in part, vacated in part and remanded with direction. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 8, 1999.

*Blackmon & Dudley, Nathaniel H. Blackmon III*, for appellant.
*Fain, Major, Wiley & Brennan, Charles A. Wiley, Jr., David S. Fried, Brian M. Leepson*, for appellee.