## A00A1832. HOBBS v. WESTERN SURETY COMPANY.
(544 SE2d 729)

JOHNSON, Presiding Judge.

Richard Hobbs was appointed to be the administrator of Coleen Joy Nunnally's estate. Hobbs applied to the Western Surety Company for an administrator's bond. In the application, Hobbs agreed to indemnify the company for any liability it incurred as surety. Western Surety agreed to post an $80,000 bond to ensure that Hobbs carried out his duties as administrator.

While Hobbs was administrator, a nightclub that was part of Nunnally's estate incurred substantial tax liabilities that went unpaid. And Hobbs failed to turn over to Nunnally's son, Michael Hanks, the estate's personal property as required by a probate court order.

The federal government sued Western Surety to recover on the bond, asserting that the nightclub had outstanding tax liabilities of $85,947. Western Surety then filed third-party complaints against both Hobbs and Hanks in order to litigate in one action the tax claim, Hanks' potential personal property claim and Western Surety's possible indemnification claim against Hobbs. Hanks then asserted a claim against Western Surety for the value of the personal property that he had not yet received.

Western Surety eventually settled both the tax claim and Hanks' claim for a total of $50,000. Western Surety paid $35,000 to the federal government to settle the tax claim. And it paid $15,000 to Hanks as the value of the estate's personal property that Hobbs had failed to give him.

Western Surety then filed a motion for summary judgment against Hobbs on its claim to recover the $50,000 that it had paid as surety on the bond. The probate court granted summary judgment to

---

[10] See OCGA § 16-2-20 (a), (b) (1), (2), (4).

Western Surety in the amount of $50,000. Hobbs appeals from that ruling, asserting that the court erred in granting summary judgment because there are genuine issues of material fact as to whether Western Surety acted in good faith in paying on the bond.

The crux of Hobbs' argument is that his own affidavit, filed in response to the summary judgment motion, creates genuine issues of material fact by providing that only $9,000 was owed in taxes and that the personal property claim by Hanks had already been settled. Contrary to Hobbs' argument, in the absence of substantiating facts, his affidavit is self-serving and conclusory and is therefore insufficient to create an issue for trial.[1]

Moreover, even if we assume for the sake of argument that there are issues of fact as to how much tax was owed and whether Hobbs had settled the personal property dispute with Hanks, Hobbs still has not shown any evidence that Western Surety acted in bad faith. Western Surety has presented uncontradicted evidence that it fully investigated the tax and personal property claims, that it negotiated with the federal government and with Hanks and that Hobbs did not provide it with any evidence in defense of the claims against him. Hobbs has identified no evidence in the record that Western Surety, in investigating, negotiating and settling the claims as allowed by the surety agreement, acted in bad faith. Because Hobbs has failed to rebut Western Surety's evidence of good faith, the probate court did not err in granting summary judgment to Western Surety.[2]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 12, 2001 —
RECONSIDERATION DENIED JANUARY 24, 2001 — 

*Bush, Crowley, Leverett & Leggett, Charles M. Leverett,* for appellant.

*Jones, Cork & Miller, Sherry M. Hall, Thomas W. Joyce,* for appellee.

---

[1] See *Foster v. Ramsey*, 245 Ga. App. 118, 119 (1) (536 SE2d 550) (2000).
[2] See *Benton Express v. Royal Ins. Co. &c.*, 217 Ga. App. 331, 333-334 (3) (457 SE2d 566) (1995) (insurance company entitled to summary judgment on claims that it settled cases in bad faith based on its unrebutted evidence of good faith).