A05A1031. APPLEBURY v. TEACHERS' RETIREMENT SYSTEM
OF GEORGIA.

(620 SE2d 452)

MILLER, Judge.

Richard Applebury appeals from a grant of summary judgment to Teachers' Retirement System of Georgia (TRS) in its action to recover money paid to Applebury in the wake of his mother's death. Since we find that genuine issues of fact remain concerning both TRS's negligence in continuing to make the payments and Applebury's lack of good faith in failing to notify TRS of his mother's death, we must reverse.

On appeal from a grant or denial of a motion of summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that TRS paid Applebury's mother monthly retirement benefits after her retirement in 1981. Though Applebury's mother died in August 2001, and though her benefits should have ceased at her death, TRS continued to make electronic transfers amounting to over $19,000 until December 2002, when it discovered that she had died more than a year before.

As the sole heir and the co-owner of the account, and having been told by his mother that some retirement benefits would continue to be paid after her death, Applebury withdrew and spent the funds. TRS filed suit to recover the funds. After Applebury answered, TRS moved for summary judgment, which the trial court granted. Applebury now contends that issues of fact remain concerning his defenses of voluntary payment and equitable estoppel.

Under the voluntary payment doctrine,

> [p]ayments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property.

OCGA § 13-1-13. This statute applies both to one who pays money with knowledge of all the facts and to one who pays by mistake without a valid reason for failing to ascertain the truth — or, in other words, to cases involving both actual and constructive knowledge on

the part of the payor. *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 401 (349 SE2d 368) (1986). Thus the party seeking to recover must prove that its payment was not voluntarily made because certain material facts were not known at the time of payment, or because a valid reason existed for its failure to determine the truth. *Liberty Nat. Life Ins. Co. v. Radiotherapy of Ga.*, 252 Ga. App. 543, 546-547 (1) (557 SE2d 59) (2001).

The Supreme Court of Georgia has also noted that the voluntary payment doctrine of OCGA § 13-1-13 should be read in conjunction with other equitable principles, including the doctrine of equitable estoppel encoded in OCGA § 23-2-32. *Gulf Life Ins. Co.*, supra, 256 Ga. at 402. OCGA § 23-2-32 provides that

> (a) The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty.
>
> (b) Relief may be granted even in cases of negligence by the complainant if it appears that the other party has not been prejudiced thereby.

While it is true that a payee's expenditure of money received under the misconception that it was rightfully his does not by itself amount to "prejudice" against him, courts are bound to consider other matters, including the payee's intentions and financial position, in the course of determining whether "the circumstances [of the case] have so changed that it would be inequitable to require full restitution." (Citation and punctuation omitted.) *Gulf Life Ins. Co.*, supra, 256 Ga. at 405.

For purposes of surviving a motion for summary judgment, a payee need only show that a factual question remains as to whether the payor was negligent in failing to learn of the facts that would have precluded payment. *Gulf Life Ins. Co.*, supra, 256 Ga. at 404 (finding that payor's negligence was a question for the jury); see also *Landers v. Heritage Bank*, 188 Ga. App. 785, 787-788 (374 SE2d 353) (1988). In such a case, the trial court is also bound to consider the other side of the balance as well — that is, whether the defendant payee "has acted in good faith and in good conscience with the person paying the money." (Citations and punctuation omitted.) *Gulf Life Ins. Co.*, supra, 256 Ga. at 405.

The scant record before us cannot provide a resolution of such questions as a matter of law. Although it is undisputed that at the time it made the payments, TRS was unaware of the mother's death, TRS has provided no evidence concerning the circumstances under which it discovered that fact. Only with such details could we rule out the possibility, raised in Applebury's affidavit, that his mother told

him that benefits would continue to be paid to their account after her death. Ms. Applebury's statement to this effect is admissible as original evidence of her son's conduct and motives. See OCGA § 24-3-2 (distinguishing original from hearsay evidence); *Powell v. Alan Young Homes*, 251 Ga. App. 72, 74-75 (1) (554 SE2d 186) (2001) (exclusion of wife's testimony concerning conversations with deceased husband was error, and any bias therein goes to wife's credibility, not to admissibility). Likewise, although Ms. Applebury chose to receive "[t]he maximum allowance payable to me during my lifetime" when she applied for retirement benefits, under which option her benefits would end at her death, this same option also stated that "should my death occur prior to my having been paid total retirement benefits equal to my contributions to the retirement system, the balance of my member contributions will be paid to my beneficiary named below. . . ." Again, it is not inconceivable that Ms. Applebury could have mistakenly interpreted this language to mean that some outstanding balance would remain to be paid after her death, in which case her son might have retained the money in good faith.

Since genuine issues of fact remain on these issues, we must reverse the trial court's determination to the contrary. See *Gulf Life Ins. Co.*, supra, 256 Ga. at 406; *Landers*, supra, 188 Ga. App. at 788 (reversing grants of summary judgment to both parties where issues of fact remain concerning both payor's negligence and payee's good faith).

*Judgment reversed. Bernes, J., concurs. Blackburn, P. J., concurs in judgment only.*

DECIDED AUGUST 23, 2005.

*Joab O. Mangum III*, for appellant.

*Stokes, Lazarus & Carmichael, Marion B. Stokes, Rachel Humphrey*, for appellee.