A06A2463. D & H CONSTRUCTION COMPANY v. CITY OF WOODSTOCK.
(643 SE2d 826)

BERNES, Judge.

The City of Woodstock mistakenly made a duplicate payment to D & H Construction Company for construction work performed for the City. When D & H Construction refused to return the duplicate payment, the City filed suit for unjust enrichment, conversion, attorney fees under OCGA § 13-6-11, and punitive damages. The trial court subsequently denied summary judgment to D & H Construction and granted summary judgment to the City on its claims for unjust enrichment, conversion, and attorney fees. D & H Construction appeals, contending that the voluntary payment doctrine bars the City's unjust enrichment and conversion claims. D & H Construction also contends that the grant of attorney fees was erroneous because, among other things, there was a bona fide controversy and it was not given an opportunity to cross-examine the City's counsel concerning the reasonableness of the fees. For the following reasons, we affirm the trial court's grant of summary judgment to the City on the unjust enrichment and conversion claims and its ruling that the City was entitled to attorney fees. However, because D & H Construction was not permitted to cross-examine the City's counsel about the reasonableness of the requested fee amount, we vacate the award of fees and remand for an evidentiary hearing on that limited issue.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed

in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In reviewing the grant or denial of summary judgment, we apply a de novo standard of review.

(Citations and punctuation omitted.) *Greer v. Provident Bank*, 282 Ga. App. 566, 566-567 (639 SE2d 377) (2006).

So viewed, the undisputed record reflects that the City engaged D & H Construction to perform work on a construction project in Cherokee County. On March 6, 2002, after completing the construction work, the vice president of D & H Construction executed a sworn document entitled "Contractor's Certificate and Release of Liens" (the "Contractor's Certificate"). The Contractor's Certificate stated that D & H Construction was only owed the final payment amount of $100,049.10 from the City for its work on the project. The Contractor's Certificate further provided that upon receipt of that final payment, D & H Construction would release the City "from any and all claims arising under or by virtue of" the construction contract between the parties.

On March 19, 2002, the City tendered the amount of $100,049.10 to D & H Construction via check number 46430. D & H Construction deposited the check into its bank account. However, on April 17, 2002, the City mistakenly tendered a duplicate final payment of $100,049.10 to D & H Construction via check number 46793. D & H Construction deposited the duplicate payment and used it to pay off outstanding company debts. Five months later, the City realized that it had inadvertently tendered a duplicate final payment to D & H Construction and demanded return of the payment. D & H Construction refused to return the duplicate payment, resulting in the City commencing the instant litigation for unjust enrichment, conversion, attorney fees, and punitive damages.

1. D & H Construction contends that the City's unjust enrichment and conversion claims are barred as a matter of law by the voluntary payment doctrine, or alternatively, that there is a genuine issue of material fact over whether the doctrine should bar the City's claims. As such, D & H Construction contends that the trial court erred in granting summary judgment to the City and instead should have granted summary judgment to D & H Construction or have allowed the case to proceed to trial.

The voluntary payment doctrine is codified in OCGA § 13-1-13, which provides in part:

Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced

confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property.

Significantly, however, in the seminal case of *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 402-406 (349 SE2d 368) (1986), the Supreme Court of Georgia held that the voluntary payment doctrine codified in OCGA § 13-1-13 must be read in conjunction with other equitable principles, including the principle that "[r]elief may be granted even in cases of negligence by the complainant if it appears that the other party has not been prejudiced thereby." OCGA § 23-2-32 (b). See also *Applebury v. Teachers' Retirement System of Ga.*, 275 Ga. App. 194, 194-195 (620 SE2d 452) (2005). The Supreme Court in *Folsom* went on to hold that when these various principles are construed together, the rule in Georgia is that a "plaintiff generally can recover a payment mistakenly made when that mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party would not be prejudiced by refunding the payment — subject to a weighing of the equities between the parties by the trier of fact." 256 Ga. at 406.

Based on *Folsom*, there are two primary issues that must be addressed in applying the voluntary payment doctrine in this case. The first issue is whether in making the duplicate payment, the City was negligent in ascertaining the true facts. The second issue is whether D & H Construction would be prejudiced by having to return the duplicate payment, subject to a weighing of the equities between the parties. Here, the uncontroverted evidence reflects, and the City in fact concedes, that it was negligent in ascertaining the true facts before tendering the duplicate final payment to D & H Construction. Thus, there is no genuine issue of material fact over whether the City was negligent in ascertaining the true facts, and so the focus of this case for summary judgment purposes is on the second issue.

We conclude, as did the trial court, that D & H Construction would not be prejudiced in returning the negligent duplicate payment to the City as a matter of law. D & H Construction's only contention that it would be prejudiced is based solely upon the affidavit submitted by its president, Henry Graham. In his affidavit, Graham averred that D & H Construction spent the duplicate payment to "payoff outstanding debts" and changed its position to its detriment by not seeking "additional funding for operations." Based on these statements in the Graham affidavit, D & H Construction contends that it

has conclusively established prejudice or, at a minimum, has created a genuine issue of fact over the issue.

We are unpersuaded. As an initial matter, the Graham affidavit is vague and indefinite at best, and we have held that summary judgment is appropriate when the nonmovant relies upon an affidavit containing "nothing but vague assertions of fact." *Buddy's Appliance Center v. Amana Refrigeration*, 151 Ga. App. 268, 269 (2) (259 SE2d 673) (1979). See also *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300) (1990) (summary judgment in favor of defendant was proper when the plaintiff's "affidavit was vague and unrevealing"). In any event, even if construed most liberally in favor of D & H Construction, the Graham affidavit is nothing more than a convoluted way of stating that D & H Construction spent the duplicate payment and as a result did not have to obtain funds from some other source. But, "spending the money mistakenly paid[ ] . . . generally does not constitute prejudice." (Citation and punctuation omitted.) *Wyatt v. Hertz Claim Mgmt. Corp.*, 236 Ga. App. 292, 293 (1) (511 SE2d 630) (1999). See also *Folsom*, 256 Ga. at 406. Thus, the fact that D & H Construction expended the duplicate voluntary payment and did not have to obtain funds from some other source is insufficient, without more, to constitute prejudice.

Furthermore, Graham's statement that D & H Construction did not seek "additional funding for operations" as a result of the duplicate payment is conclusory and is not substantiated by any financial documents or other evidence contained in the record. For this additional reason, the affidavit is insufficient to create a genuine issue of fact over the prejudice issue. See *Hobbs v. Western Surety Co.*, 247 Ga. App. 658, 659 (544 SE2d 729) (2001) (holding that "in the absence of substantiating facts," a self-serving and conclusory affidavit does not create an issue for trial); *Miller v. Calhoun/Johnson Co.*, 230 Ga. App. 648, 650 (3) (b) (497 SE2d 397) (1998) ("Conclusory statements in affidavits unsupported by factual evidence are insufficient to avert summary judgment.").

Given this record, D & H Construction cannot prove that it would suffer any prejudice in returning the duplicate payment. Nevertheless, D & H Construction argues that it is entitled to retain the duplicate payment under a balancing of the other equities involved in the case. We disagree based on our decision in *Wyatt*, 236 Ga. App. 292. In that case, we held that the payor was entitled to the return of a negligent overpayment as a matter of law, when there was no evidence that the payee would suffer any prejudice, and when the payee had signed a release of claims establishing beyond dispute the proper monetary amount due from the payor. See id. at 293 (1). Under such circumstances, we concluded that summary judgment in favor of the payor was appropriate. See id.

Here, the vice president of D & H Construction signed the sworn Contractor's Certificate stating that D & H Construction was only owed the final payment amount of $100,049.10 and releasing the City from any and all claims once that payment was made. Thus, as in *Wyatt*, the payee (D & H Construction) executed a written release that conclusively established the correct payment amount. Furthermore, this case is like *Wyatt* because, as noted above, there is no evidence that D & H Construction would suffer any prejudice in returning the overpayment. Accordingly, the present case is factually similar to, and is controlled by, our decision in *Wyatt* holding that the payor was entitled to the return of the negligent payment as a matter of law.

"*Folsom* does not mandate that every [case involving the voluntary payment doctrine] must be presented to a jury, and this is not one of them." *Time Ins. Co. v. Fulton-DeKalb Hosp. Auth.*, 211 Ga. App. 34, 36 (1) (438 SE2d 149) (1993). The trial court properly concluded that the voluntary payment doctrine did not bar the City's unjust enrichment and conversion claims, and, consequently, committed no error in denying summary judgment to D & H Construction and in granting summary judgment to the City.

2. D & H Construction maintains that the trial court erred in awarding attorney fees to the City pursuant to OCGA § 13-6-11. Among other things, D & H Construction asserts there was a bona fide controversy and it was not given an opportunity to cross-examine the City's counsel concerning the reasonableness of the fees.

Attorney fees may be awarded to a plaintiff under OCGA § 13-6-11 "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." "A refusal to pay in bad faith means a frivolous and unfounded denial of liability." (Citation and punctuation omitted.) *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218, 221 (2) (308 SE2d 564) (1983). "Similarly, 'stubborn litigiousness,' and 'causing the plaintiff unnecessary trouble and expense' refer to a defendant's forcing of the plaintiff to sue where no 'bona fide controversy' exists." (Citation omitted.) Id. "The standard of review of an award of attorney fees under OCGA § 13-6-11 is whether there is any evidence to support the award." (Punctuation and footnote omitted.) *Gray v. King*, 270 Ga. App. 855, 857 (2) (a) (608 SE2d 320) (2004).

The trial court found that D & H Construction had acted in bad faith, had been stubbornly litigious, and had caused the City unnecessary trouble and expense in refusing to return the duplicate payment to the City. While D & H Construction asserts that there was a bona fide controversy over whether it could retain the duplicate payment, we disagree. The record instead reflects that D & H Construction lacked any rightful claim to the duplicate payment but

refused to return it even after the City informed D & H Construction of the mistake, thereby forcing the City to bring this lawsuit to recover the duplicate payment and to bear the time and expense of filing multiple briefs, affidavits, and other pleadings. Under these circumstances, and applying the "any evidence" standard of review, we cannot say that the trial court erred in awarding attorney fees to the City under OCGA § 13-6-11. See, e.g., *Gray*, 270 Ga. App. at 857 (2) (a) (trial court did not err in awarding attorney fees when defendant refused to repay loan and had no reasonable defense for his refusal).

However, we agree with D & H Construction's argument that it should have been given an opportunity to cross-examine the City's counsel concerning the reasonableness of the amount of fees awarded. Although D & H Construction requested an evidentiary hearing on the fees issue so that it could cross-examine the City's counsel about the amount of fees requested, the trial court did not hold a hearing on the issue. Instead, the trial court simply awarded $22,894.50 in attorney fees to the City, which was the amount of fees requested in the affidavit submitted by the City's counsel.

> A party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services. Defense counsel should have been given an opportunity to cross-examine [the City]'s attorney on the amount and reasonableness of the fees and costs requested. Because [D & H Construction] was denied this opportunity, we vacate that portion of the judgment awarding [the City $22,894.50] in attorney fees and remand the case to the trial court to hold an evidentiary hearing on the amount of the fees.

(Punctuation and footnotes omitted.) *Kwickie/Flash Foods v. Lakeside Petroleum*, 256 Ga. App. 556, 558 (2) (568 SE2d 816) (2002).

*Judgment affirmed in part and vacated in part, and case remanded with instruction. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 19, 2007.

*John D. Thalhimer*, for appellant.
*Moore, Ingram, Johnson & Steele, Jere C. Smith, Christopher C. Mingledorff*, for appellee.