S07A0791. MOSLEY v. WARNOCK et al.
(651 SE2d 696)

THOMPSON, Justice.

Executors J'mon Warnock and Florence Overstreet offered for probate the 2004 last will and testament of their sister, Mildred Hilton. Jamie Mosley, Hilton's granddaughter, filed a caveat challenging Hilton's testamentary capacity. A jury found Hilton lacked testamentary capacity at the time the will was executed and entered a verdict in favor of Mosley. The trial court thereafter granted the propounders' motion for judgment notwithstanding the verdict and conditionally granted a new trial in the event the court's judgment notwithstanding the verdict was determined to have been granted in error. See OCGA § 9-11-50 (c). Mosley appealed from the trial court's order and for the reasons that follow, we reverse in part and affirm in part.

1. The appellate standard for reviewing the grant of a judgment notwithstanding the verdict is "whether the evidence, with all reasonable deductions therefrom, demanded a verdict contrary to that returned by the factfinder." *Bagley v. Robertson*, 265 Ga. 144, 145 (454 SE2d 478) (1995). See *Pendley v. Pendley*, 251 Ga. 30, 30-31 (302 SE2d 554) (1983); OCGA § 9-11-50 (a). If there is any evidence to support the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is error to grant the motion. *Hart v. Fortson*, 263 Ga. 389, 389-390 (435 SE2d 45) (1993).

Under Georgia law, a testator possesses the mental capacity to make a will if she understood that a will had the effect of disposing of her property at the time of her death, was capable of remembering generally what property was subject to disposition by will and remembering those persons related to her, and was capable of expressing an intelligent scheme of disposition. See *Quarterman v. Quarterman*, 268 Ga. 807 (1) (493 SE2d 146) (1997); *Arnau v. Cochran*, 257 Ga. 550, 551 (1) (361 SE2d 173) (1987); OCGA § 53-4-11 (a) ("[t]estamentary capacity exists when the testator has a decided and rational desire as to the disposition of property"). The controlling question is "whether the testator had sufficient testamentary capacity at the time of executing the will." *Spivey v. Spivey*, 202 Ga. 644, 652 (2) (44 SE2d 224) (1947).

In support of her claim that Hilton was mentally incapable of making a will on June 28, 2004, Mosley showed that Hilton was a

95-year-old woman who had physically and mentally slowed in the last months of her life. Mosley and her husband testified that during the spring of 2004 Hilton would sometimes appear dizzy or confused and she slept more often. They cited two disparate episodes in support of their argument, one in which Hilton referred to Mosley's husband by her deceased son's name and another during which Hilton made a statement indicating that she believed her deceased husband was working in the yard. Mosley also introduced the testimony of a medical expert who, after reviewing Hilton's medical records and the deposition testimony of several witnesses, concluded that Hilton would have suffered from some degree of dementia on June 28, 2004, the day the will was executed. Because this expert testimony, considered together with anecdotal evidence offered by Mosley and her husband, constituted at least some evidence in support of the jury's verdict, the trial court erred by granting the motion for judgment notwithstanding the verdict.

2. Following the mandate of OCGA § 9-11-50 (c) (1), the trial court also ruled on propounders' motion for new trial, granting the motion based on its determination that the verdict was contrary to the weight of the evidence. See OCGA § 9-11-50 (c) (1) (if motion for judgment notwithstanding the verdict is granted, court shall also rule on motion for new trial and specify grounds for grant or denial of such motion). Mosley contends the trial court abused its discretion by granting the motion where the evidence did not heavily preponderate against the verdict.

An appellate court shall not disturb the first grant of a new trial "unless the appellant shows that the judge abused his discretion in granting [the new trial] and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." OCGA § 5-5-50. Similar to the standard of review applicable to judgments notwithstanding the verdict, where the evidence is conflicting and the jury would have been authorized to issue a verdict for the movants, the first grant of a new trial will not be reversed. *Hopkins v. Brumbelow*, 195 Ga. 388 (24 SE2d 318) (1943).

Here, although there was evidence to the contrary, the record contains evidence from which a jury could have found that Hilton possessed the necessary testamentary capacity. The attorney who drafted Hilton's will testified that he believed Hilton was mentally competent both prior to and on the day of the execution of the will. He stated that in June 2004 Hilton came to his office for the purpose of having a new will drafted. On this occasion, they discussed Hilton's prior will, which she brought with her to the meeting, the property to be included in the estate, and the manner in which she wished to dispose of her estate, as well as where certain items of property could be located. They also had a lengthy discussion concerning the details

of a trust Hilton wished to establish via the will for the benefit of her disabled grandson. The attorney further testified that when Hilton returned to his office on June 28, 2004, to sign the will, she was frail but able to identify her property and her family, and she was capable of expressing a scheme for the disposition of her estate. In addition, several witnesses testified that at or near the time Hilton made the will, she was of clear mind and would have been capable of possessing a decided and rational desire for the disposition of her property. Because the evidence of Hilton's mental capacity was in conflict and the jury would have been authorized to render a verdict for the propounders, we find no abuse of the trial court's discretion in granting a new trial. See *Hopkins,* supra.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*M. Francis Stubbs,* for appellant.
*Malcolm F. Bryant, Jr.,* for appellees.

## S07A0795. HAMPTON v. THE STATE.
### (651 SE2d 698)

SEARS, Chief Justice.

In 2005, a Whitfield County jury convicted Jeffrey Allen Hampton of felony murder, aggravated assault, and related offenses arising out of the shooting death of Tara Nicole Swilley. Hampton challenges the sufficiency of the evidence used to convict him, the constitutional effectiveness of his initial post-trial counsel, and the jury instructions regarding the consideration of prior consistent statements as substantive evidence. Finding no merit in Hampton's arguments, we affirm.[1]

---

[1] Hampton committed his crimes on August 2, 2004. On November 10, 2004, a Whitfield County grand jury indicted him on one count of malice murder, four counts of felony murder, two counts of aggravated assault, and one count each of criminal damage to property in the first degree, criminal damage to property in the second degree, and possession of a firearm during the commission of a felony. On April 2, 2005, a Whitfield County jury acquitted Hampton on the counts requiring intent to murder (i.e., malice murder, one count of felony murder, and one count of aggravated assault) but convicted him on all remaining counts. On April 5, 2005, the trial court merged the felony murder and aggravated assault convictions and sentenced Hampton to life in prison for felony murder, ten years consecutive for criminal damage to property in the first degree, five years concurrent for possession of a firearm during the