A08A1060, A08A2109. ROOFERS EDGE, INC. v. STANDARD BUILDING COMPANY, INC. (two cases).

(671 SE2d 310)

RUFFIN, Presiding Judge.

Roofers Edge, Inc. brought an action against Standard Building Company, Inc. for breach of contract. A jury awarded Roofers Edge damages for breach of contract, accrued interest, and its expenses of litigation and attorney fees under OCGA § 13-6-11. Standard Building moved for judgment notwithstanding the verdict on the issue of attorney fees, and the trial court granted its motion. Roofers Edge appeals this ruling in Case No. A08A1060. Roofers Edge also filed two motions for the award of attorney fees for abusive litigation pursuant to OCGA § 9-15-14, which the trial court denied. Roofers Edge challenges this ruling in Case No. A08A2109. For reasons that follow, we reverse in Case No. A08A1060 and affirm in Case No. A08A2109.

*Case No. A08A1060*

1. Roofers Edge contends that the trial court erred in granting Standard Building's motion for judgment notwithstanding the verdict as to attorney fees. We review a trial court's grant of a motion for judgment notwithstanding the verdict to determine "whether the evidence, with all reasonable deductions therefrom, demanded a verdict contrary to that returned by the factfinder. If there is any evidence to support the jury's verdict, . . . it is error to grant the motion."[1] And "'[t]he standard of review of an award of attorney fees under OCGA § 13-6-11 is whether there is any evidence to support the award.'"[2]

Viewed in a light favorable to the jury's verdict,[3] the evidence shows that Standard Building was the general contractor on a construction project. Standard Building accepted a bid from Roofers Edge in the amount of $35,700 to perform metal roofing work.

---

[1] (Citations and punctuation omitted.) *Mosley v. Warnock*, 282 Ga. 488 (1) (651 SE2d 696) (2007).

[2] *D & H Constr. Co. v. City of Woodstock*, 284 Ga. App. 314, 318 (2) (643 SE2d 826) (2007).

[3] See *Fertility Technology Resources v. Lifetek Med.*, 282 Ga. App. 148, 149 (637 SE2d 844) (2006).

Roofers Edge completed the work in a timely and proper fashion. Without explanation, Standard Building refused to pay Roofers Edge the $35,700 owed under the contract. Roofers Edge brought an action against Standard Building for breach of contract, quantum meruit, and attorney fees. In its answer, Standard Building denied that the parties had a contract or that Roofers Edge performed and completed the roofing work. Standard Building also counterclaimed for breach of contract.

At trial, Standard Building called one witness, its president, who testified on direct examination only about a mechanic's lien that Roofers Edge had filed. On cross-examination, when asked about Standard Building's counterclaim, he was unable to specifically identify the company's damages. When asked about Standard Building's claim of setoff, he testified that the owner of the project had withheld payment to Standard Building because the work done by Roofers Edge was defective, but he did not know the exact amount and had no documentation to support his claim. Standard Building introduced no other evidence. In closing argument, Standard Building admitted that it owed Roofers Edge $35,700, but argued that it was entitled to some amount of setoff.[4] The jury found for Roofers Edge in the amount of $36,350.85, plus prejudgment interest, and $44,287.17 in attorney fees.

OCGA § 13-6-11 provides for the award of attorney fees to a plaintiff when a defendant

> has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. A refusal to pay in bad faith means a frivolous and unfounded denial of liability. Similarly, "stubborn litigiousness," and "causing the plaintiff unnecessary trouble and expense" refer to a defendant's forcing of the plaintiff to sue where no bona fide controversy exists.[5]

While a refusal to pay a debt, without more, will not support an award of attorney fees under OCGA § 13-6-11, "it may be sufficient when it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. There may be bad faith in carrying out the provisions of the contract sufficient to

---

[4] Standard Building argued: "[Roofers Edge is] owed $35,700 and we're owed an additional amount of money back. We think [it is] [$]20,000. If it [is not], you tell us how much it is. [It is] more than none. [It is] not more than 20. But [it is] definitely a substantial amount."

[5] (Citations and punctuation omitted.) *D & H Constr.*, supra.

support the award."[6] Here, there was some evidence from which the jury could conclude that Standard Building had acted in bad faith, as it failed to pay Roofers Edge without explanation, then denied the existence of a contract and that Roofers Edge had completed the work, although it admitted at trial that Roofers Edge was entitled to payment, less a setoff in an amount it was unable to document.[7] And while Standard Building argues that Roofers Edge eventually filed suit in the amount of $72,646.27 and was never willing to accept less than that amount to settle the matter, the bad faith here is in the initial failure to pay the amount owing under the contract, and is not an issue of later stubborn litigiousness. Accordingly, the trial court erred in granting a motion for judgment notwithstanding the verdict on attorney fees.[8]

### Case No. A08A2109

2. Roofers Edge argues that the trial court erred in denying its motion for attorney fees under OCGA § 9-15-14. Because of our holding in Division 1, we affirm the trial court's denial of attorney fees under this Code section because a second award of attorney fees would constitute an impermissible double recovery.[9]

*Judgment affirmed in Case No. A08A2109. Judgment reversed in Case No. A08A1060. Andrews and Bernes, JJ., concur.*

DECIDED NOVEMBER 17, 2008 —
RECONSIDERATION DENIED DECEMBER 16, 2008.

*Jeffrey L. Evans*, for appellant.
*L. Matt Wilson, Douglas H. Tozzi, Dustin R. Thompson*, for appellee.

---

[6] *Bryan v. Brown Childs Realty Co.*, 252 Ga. App. 502, 508 (3) (556 SE2d 554) (2001).

[7] See *Sass v. First Nat. Bank of Cherokee*, 228 Ga. App. 7, 8 (491 SE2d 76) (1997); *Robert E. Canty Bldg. Contractors v. Garrett Machine &c.*, 270 Ga. App. 871, 874 (2) (608 SE2d 280) (2004).

[8] See *Fertility Technology*, supra at 153 (3) ("[I]f there was even slight evidence of bad faith in the underlying transaction on the part of [the defendant], we must reverse the trial court's grant of judgment notwithstanding the verdict.").

[9] See *Ga. Northeastern R. v. Lusk*, 277 Ga. 245, 246 (1) (587 SE2d 643) (2003) ("Georgia, as part of its common law and public policy, has always prohibited a plaintiff from a double recovery of damages; the plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole.").