**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 28, 2020**

# In the Court of Appeals of Georgia

A20A1188. JUNIOR v. GRAHAM.                    DO-042

DOYLE, Presiding Judge.

Joao Junior sued Sharon Graham based on injuries arising from a car accident. After Graham failed to accept Junior's offer to settle, the case proceeded to trial, and the jury found in Junior's favor and awarded attorneys fees under O.C.G.A. § 13-6-11. The trial court then denied Junior's motion for attorneys fees pursuant to OCGA § 9-11-68, Georgia's offer of settlement statute, and he now appeals, arguing that the trial court erred by determining that the jury award of attorney fees under OCGA § 13-6-11 precluded the imposition of an award under OCGA § 9-11-68. For the reasons that follow, we affirm.

"At the outset, we note that the interpretation of a statute is a question of law, which is reviewed de novo on appeal."[1]

The record shows that on December 27, 2013, Junior issued to Graham a Plaintiff's Offer to Settle Tort Claim ("the Offer") in the amount of $600,000 pursuant to OCGA § 9-11-68. It is undisputed that the Offer met the conditions of OCGA § 9-11-68. On January 26, 2014, because Graham had not responded to the Offer, it was deemed rejected as a matter of law.[2]

Following a trial on Junior's claims against Graham, on September 11, 2019, nunc pro tunc, August 12, 2019, Junior recovered a final judgment in the amount of $4,979,066.87. As a part of the final judgment, the jury awarded Junior attorney fees and expenses under OCGA § 13-6-11 for bad-faith conduct in the amount of $1,251,554.95. Thereafter, Junior moved for attorney fees and expenses of litigation under OCGA § 9-11-68 (b) (2) based on Graham's failure to accept the Offer, but the

---

[1] (Punctuation omitted.) *CaseMetrix, LLC v. Sherpa Web Studios, Inc.*, 353 Ga. App. 768 (839 SE2d 256) (2020), quoting *Harris v. Mahone*, 340 Ga. App. 415, 417 (1) (797 SE2d 688) (2017).

[2] See OCGA § 9-11-68 (c).

trial court denied the motion, finding that the jury's award of attorney fees and expenses under OCGA § 13-6-11 precluded such an award.[3]

On appeal, Junior contends that the language of OCGA § 9-11-68 is clear and unambiguous, requiring an award against Graham for failing to accept the Offer, and the trial court erred by denying his motion on the basis of the prior award under OCGA § 13-6-11. The trial court found that awarding fees under OCGA § 9-11-68 (b) would constitute an impermissible double recovery.

OCGA § 9-11-68 (b) (2) states that

> [i]f a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff *shall* be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.[4]

---

[3] Graham also argued that the Offer was not made in good faith because it was over policy limits, but because the trial court denied Junior's motion on other grounds, it did not address this issue.

[4] (Emphasis supplied.)

3

The Georgia Supreme Court has explained that "the clear purpose of the [offer of settlement] statute is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation, thereby advancing this State's strong public policy of encouraging negotiations and settlements."[5] On the other hand, OCGA § 13-6-11 states that "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

The trial court denied Junior's motion on the basis that recovery under OCGA § 9-11-68 would be an impermissible double recovery. In support of its finding, the court relied on *Roofers Edge Inc. v. Standard Bldg. Co. Inc.*,[6] in which this Court determined that a party could not recover under both OCGA § 9-15-14 and OCGA § 13-6-11. This holding, which consists of a single conclusory sentence, cited for

---

[5] (Punctuation omitted.) *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 471 (1) (b) (759 SE2d 804) (2014), quoting *Smith v. Baptiste*, 287 Ga. 23, 29 (694 SE2d 83) (2010).

[6] 295 Ga. App. 294 (671 SE2d 310) (2008).

support *Ga. Northeastern R. v. Lusk*.[7] *Lusk* reversed a jury verdict on the basis that it included damages for diminution of value as well as restoration as an impermissible double recovery of damages, concluding that the award for diminution would have been subsumed by the award for the restoration of property.[8] Stated another way, while it is true that "a party may pursue inconsistent remedies, he is not permitted a double recovery of the same damages for the same wrong. He is entitled to only one satisfaction of the same damages[.]"[9] This proposition, however, does not fully explain whether recovery in the same action under both OCGA § 13-6-11 and OCGA § 9-11-68 (b) are available to a plaintiff.

In *Ga. Dept. of Corrections v. Couch*,[10] the Georgia Supreme Court explained that

> OCGA § 13-6-11 expressly makes its litigation expenses part of the damages to be awarded by the jury, and an award under OCGA § 13-6-11 must be based on conduct arising from the transaction

---

[7] 277 Ga. 245, 246 (1) (587 SE2d 643) (2003).

[8] See id. at 246-247 (1).

[9] (Citation and punctuation omitted.) *Marvin Nix Dev. Co. v. United Community Bank*, 302 Ga. App. 566, 568 (692 SE2d 23) (2010).

[10] 295 Ga. 469 (759 SE2d 804) (2014).

5

underlying the cause of action being litigated, not conduct during the course of the litigation itself. By contrast, attorney fees awarded under OCGA § 9-11-68 (b) are not identified as damages; they relate entirely to conduct during the course of the litigation; and they are determined post-judgment by the court rather than during trial by the jury.[11]

Junior argues that *Couch* makes it clear that fees awarded under OCGA § 9-11-68 (b) are not equivalent to fees awarded as a portion of a claim's damages like those in OCGA § 13-6-11. We agree that *Couch* describes damages awarded under OCGA § 9-11-68 differently, explaining that they are among the various forms of costs of litigation or sanction awards under the Civil Practice Act, for violating rules made for "the proper conduct" of civil litigation.[12]

*Couch*, however, did not address whether a claimant could recover a full amount of attorney fees under OCGA § 13-6-11 and another full amount under

---

[11] (Citations and punctuation omitted.) Id. at 475-476 (2) (a) .

[12] Id. at 480-481 (2) (b) (taking note of various statutes under which a party is required to undertake a cost or may be sanctioned by the court for failing to comply with various requirements, e.g., OCGA §§ 9-15-14 (b), 9-11-30 (b) (4), 9-11-37, 9-11-56 (g), 9-15-14). The Court explained that "an award under OCGA § 9-11-68 (b) is not an independent tort 'claim' or a component of tort damages; rather, such awards are best understood as one of many potential costs associated with tort litigation in Georgia, and in particular inappropriate conduct during such litigation." Id. at 480 (2) (b).

6

OCGA § 9-11-68 (b), and such a finding is not implied in this case. This is because by the time that Junior filed his motion pursuant to OCGA § 9-11-68 (b), he had no longer "incurred"[13] the $1,251,554.95 in attorney fees for which he was awarded additional damages by the jury — those costs had been compensated. In some instances, however, a claimant may have incurred fees after a jury verdict but prior to entry of the final judgment by the trial court, in which case a subsequent award under OCGA § 9-11-68 (b) by a judge for such fees would be appropriate.[14] Junior, however, does not contend that he incurred such fees. Accordingly, we discern no error by the trial court in denying Junior's motion for attorney fees under OCGA § 9-11-68 (b).

*Judgment affirmed. McFadden, C. J., and Hodges, J., concur*.

---

[13] Black's Law Dictionary defines incur as "[t]o suffer or bring on oneself (a liability or expense)." Incur, Black's Law Dictionary (11th ed. 2019). Merriam-Webster similarly defines incur as "to become liable or subject to." Incur, Merriam-Webster, https://www.merriam-webster.com/dictionary/incur.

[14] See *Fanelli v. BMC Software Inc.*, Case No. 11-CV-00436-LMM (Dist. Ct. N. D. Ga., decided Apr. 12, 2016) (order on motion for sanctions for failure to accept offer of settlement under OCGA § 9-11-68), affirmed by *Fanelli v. BMC Software, Inc.*, 686 Fed. Appx. 666, Case Nos. No. 15-14431 & 16-12339 (11th Cir., Apr. 20, 2017) (unpublished).