## A96A2032. BAGHDADY v. CENTRAL LIFE INSURANCE COMPANY.

(480 SE2d 221)

SMITH, Judge.

Hisham Baghdady brought suit against Central Life Insurance Company after terminating a health insurance policy issued by Central on which he had paid premiums for eight years. He sought recovery of all premiums on the ground that no coverage ever existed. The trial court granted Central's motion for summary judgment, and Baghdady appeals.

1. Baghdady contends the trial court erred in granting Central's motion for summary judgment because the record clearly reflects that under the policy provisions, no coverage in fact existed during the entire time the policy was in force. The policy provides that "YOUR plan of insurance shall *terminate* on the earliest of: . . . the date YOU no longer reside in the United States of America." Baghdady argues that because he did not reside in the United States but in Kuwait during the entire time the policy was in effect, no coverage was ever in effect, and the premiums should be returned.

He asserts that Central had notice that he did not live in the United States because of his answer to a question on the application for insurance requesting the name and address of "your employer or place of business," which he indicated was in Kuwait. Baghdady argues that Central knew or should have known from that response that he was a "resident" of Kuwait. We do not agree.

(a) First, it is not clear that Baghdady was not a "resident" of the United States. Although one can have only one domicile, one may have more than one residence. *ADC Constr. Co. v. Hall*, 191 Ga. App. 33 (1) (381 SE2d 76) (1989). Baghdady could therefore have "resided" in the United States as well as in Kuwait, and the policy provision would not have been triggered. Baghdady is a citizen of the United States and has bought a home in Roswell, to which he intends to return when he retires. He has maintained several homes in the United States, which he has used as a base of operations no matter where he was then living. He and his wife traveled back and forth between the United States and Kuwait, coming here during the sum-

mers when the children were not in school. He paid U. S. income taxes on his earnings. Baghdady has failed to demonstrate that he was, in fact, not a resident of the United States as well as a resident of Kuwait during the time in issue. He has therefore failed to show that the termination provision in the policy was triggered.

(b) Second, even if Baghdady was not a resident of the United States, the record does not indicate that Central had any knowledge, actual or constructive, of this fact. The record reveals that on February 2, 1983, Baghdady completed an application for a combination life and health insurance policy. He indicated on the application that he and his family were covered under another insurance plan, which would terminate shortly because of a change of employment. On the application, Baghdady listed his "residence address" as an address in Dublin, Ohio. Payment of premiums was arranged for through automatic debits on bank accounts he maintained in the United States. The insurance policy was issued and became effective on March 1, 1983.

Baghdady testified on his deposition that he began working for the new employer on February 12, 1983, and after being offered a job in Kuwait, he sold his home in Ohio in May 1983. An additional application for insurance coverage was completed in August 1983. Although Baghdady was in Kuwait, his residence address was listed on the application as an address in Columbia, South Carolina. He was in Kuwait until August 1990, when Iraq invaded Kuwait. During the time he was in Kuwait, he maintained an address in the United States, principally a condominium in Columbia, South Carolina, which he owned and later transferred to his adult son. United States addresses were used on all correspondence to and from Central.

Because all correspondence between the parties was to and from addresses in the United States, Baghdady has failed to show that he notified Central that he no longer lived in the United States. He did not cancel his coverage until 1991.

2. Baghdady also contends he is entitled to recover the premiums under a theory of money had and received. This theory applies only when there is no actual legal contract. *Pickelsimer v. Traditional Builders*, 183 Ga. App. 709, 710 (1) (359 SE2d 719) (1987) (physical precedent only). Since a legal contract, in this case an insurance contract, existed here, the theory of money had and received is not applicable to these facts.[1]

Moreover, an action for money had and received, although legal in form, is founded on the equitable principle of unjust enrichment.

---

[1] We note as well that the statute of limitation for an action based upon money had and received is four years. OCGA § 9-3-25; *Macomber v. First Union Nat. Bank &c.*, 212 Ga. App. 57, 58 (1) (441 SE2d 276) (1994).

*Landers v. Heritage Bank*, 188 Ga. App. 785, 787 (374 SE2d 353) (1988). In such cases, the equities must be weighed in determining whether recovery is proper. Id.

The gist of Baghdady's contention is that he purchased a policy to cover him and his family while they were overseas, and he did not realize until he had paid premiums for eight years that the policy actually excluded coverage for his particular situation. In his own words, he realized that he had "wasted all [his] money." Because the risk attached, however, and no fraud was present, no recovery of premiums may be had in this situation. *Lui v. Occidental Life Ins. Co.*, 246 Ga. 752, 753 (272 SE2d 707) (1980).

An insured has a legal duty to examine the policy issued to him to learn what coverage is provided. *Greene v. Lilburn Ins. Agency*, 191 Ga. App. 829 (383 SE2d 194) (1989). Had Baghdady read the policy initially, he would have discovered the provision in issue just as he did when he finally read the policy eight years later. He did not do so, however, for the period of approximately eight years during which the policy was in force.

Although a plaintiff can generally recover payments mistakenly made when the mistake was caused by his lack of diligence or negligence in failing to obtain the true facts, that is true only when the other party would not be prejudiced by refunding the payments. *Landers*, supra at 787; OCGA § 23-2-32. In this case, even if Baghdady could show that no coverage existed, Central accepted and bore the risk of insuring Baghdady for eight years because of Baghdady's negligence in failing to read the policy issued. Central therefore would be prejudiced by return of the premiums because it would remain uncompensated for the risk it bore. Balancing the equities in this case supports the trial court's grant of summary judgment to Central.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 20, 1996.

*Rolf M. Baghdady*, for appellant.

*Cashin, Morton & Mullins, Steven R. Glasscock, Richard W. Gerakitis*, for appellee.