## A08A0944. McGONIGAL v. McGONIGAL.
### (669 SE2d 446)

BARNES, Chief Judge.

After the grant of a discretionary appeal under OCGA § 5-6-35 (a) (2), Patrick Sean McGonigal challenges the dismissal of his action for money had and received against his former wife Deborah A. McGonigal. Mr. McGonigal alleges that Ms. McGonigal refused to return certain money that he paid her mistakenly under the belief that it was owed under a provision of the parties' divorce settlement agreement, which had been incorporated into their divorce decree. The trial court granted Ms. McGonigal summary judgment and

dismissed the action on the ground that a contempt action would provide the parties the remedy they sought, namely an interpretation of this particular provision of their settlement agreement.

The record shows that after Mr. McGonigal filed his complaint Ms. McGonigal answered, and, after discovery, Mr. McGonigal filed a motion for summary judgment contending that Ms. McGonigal was not entitled to the money he paid her, that he paid her the money by mistake, and that she had not shown that she would be prejudiced by returning the money. Ms. McGonigal then filed a cross-motion for construction of the decree and entry of judgment for herself, and Mr. McGonigal filed a reply that sought to strike portions of the affidavit filed in support of Ms. McGonigal's motion. Ms. McGonigal filed a response to this motion in which she asserted that the agreement between the parties precluded an action for money had and received.

After a hearing on the motions, the trial court agreed and dismissed the action, relying upon *Baghdady v. Central Life Ins. Co.*, 224 Ga. App. 170 (480 SE2d 221) (1996), and holding that an action for contempt was the appropriate remedy.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. The trial court granted Ms. McGonigal summary judgment and dismissed the action, holding that because the parties had a contract, money had and received was not an appropriate remedy. The court added that a contempt action would provide the parties the remedy they sought, namely an interpretation of this particular provision of their settlement agreement. Mr. McGonigal contends that this is error because the trial court merely lifted a sentence from the case on which it relied, *Baghdady v. Central Life Ins. Co.*, supra, without examining the context.

In *Baghdady*, this court stated, "[t]his theory [of money had and received] applies only when there is no actual legal contract." *Baghdady v. Central Life Ins. Co.*, supra, 224 Ga. App. at 171 (2). Read in context, however, *Baghdady* merely stands for the proposition that a party may not resort to the theory of money had and received to alter the terms of his contract, as the plaintiff in that case was trying to do.

In addition, the *Baghdady* holding was refined in *Wynn v. Arias*, 242 Ga. App. 712, 715 (2) (531 SE2d 126) (2000), in which this court held that a claim for money had and received "exists only where there is no actual legal contract governing the issue." McGonigal contends that because the agreement has no provision that governs

money paid by mistake, i.e., it does not describe the conditions under which Ms. McGonigal would be obligated to return the money, he can pursue his action for money had and received. In *Wynn*, the plaintiff sued for return of earnest money she had paid the defendant for construction of a house. Because "the construction contract specified the circumstances under which [the defendant] was required to return the earnest money, [the defendant] was entitled to summary judgment" on the plaintiff's money had and received claim. Id. That is not the case here.

Further, we have also held that

> [u]nder the common law doctrine of money had and received, recovery is authorized against one who holds unspecified sums of money of another which he ought in equity and good conscience to refund. Such action is a legal action based upon equitable principles for implied assumpsit as a substitute for suit in equity. *An action for money had and received sounds in assumpsit and grows out of privity of contract, express or implied*; but absent an actual contractual relationship, the law will imply a quasi contractual relationship to support the action. The elements of such action are: a person has received money of the other that in equity and good [conscience] he should not be permitted to keep; demand for repayment has been made; and the demand was refused.

(Citations omitted; emphasis supplied.) *Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 359-360 (551 SE2d 765) (2001). In a case somewhat similar to the case at hand, we held that

> "[a]n action for money had and received(,) although legal in form, is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another, and is a substitute for a suit in equity. Thus, recovery is authorized against one who holds the money of another which he ought in equity and good conscience to refund." (Citations, punctuation and footnote omitted.) *Time Ins. Co. v. Fulton-DeKalb Hosp. Auth.*, 211 Ga. App. 34, 35 (1) (438 SE2d 149) (1993).

*Wyatt v. Hertz Claim Mgmt. Corp.*, 236 Ga. App. 292, 292-293 (1) (511 SE2d 630) (1999).

Further,

> [i]n an action for money had and received, the plaintiff generally can recover a payment mistakenly made when

that mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party would not be prejudiced by refunding the payment — subject to a weighing of the equities between the parties by the trier of fact.

*Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 406 (349 SE2d 368) (1986). In *Gulf Life*, this court affirmed the summary judgment granted to the plaintiff who had overpaid by $10,000 the amount the parties had agreed to in a settlement agreement. McGonigal, too, is claiming that he overpaid the amount the parties agreed to in a settlement agreement.

The cases in which we held that a claim for money had and received does not lie are cases in which the plaintiffs were attempting to avoid the terms of a contract. Here, although McGonigal relies on the terms of the contract to prove that his payment was mistaken, he contends that an action for money had and received is his only remedy, because "in the absence of 'plain and unmistakable' language in the agreement allegedly violated by the defendant, there are no grounds for contempt." In *Bailey v. Bailey*, 231 Ga. 854, 855 (204 SE2d 630) (1974), the Supreme Court of Georgia reversed a contempt citation because the parties' divorce decree did not plainly provide that contempt was available to enforce certain terms. Mr. McGonigal claims that no provision in the settlement agreement governs return of an overpayment, Ms. McGonigal has not identified any such provision, and we have found none. Accordingly, we find that the trial court erred by dismissing Mr. McGonigal's complaint for money had and received.

3. Although Mr. McGonigal asks us to find that the trial court erred by denying his motion for summary judgment on the merits of his claim, we cannot reach that issue because the trial court did not address the merits of his motion, but merely denied it as moot. Our review is limited to the scope of the ruling in the trial court as shown by the trial record; therefore, considering the merits of Mr. McGonigal's motion for summary judgment is beyond the scope of our review. *Coweta County v. Simmons*, 269 Ga. 694, 694-695 (507 SE2d 440) (1998).

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 7, 2008.

*Callner, Portnoy & Strawser, Kathy L. Portnoy, Womble, Carlyle, Sandridge & Rice, George W. Long III*, for appellant.

*Davis, Matthews & Quigley, Richard W. Schiffman, Jr., Kurt A. Kegal, David N. Marple, Matthew R. Thiry,* for appellee.