A09A2399. FULTON COUNTY v. SOUTHERN HOPE HUMANE SOCIETY et al.
(691 SE2d 393)

ANDREWS, Presiding Judge.

Fulton County appeals from the trial court's order granting Southern Hope Humane Society, Inc., Stacey Hall and Cheryl Holifield's (collectively SHHS) motion for summary judgment. Finding no error, we affirm.

The record shows that in 2003, Fulton County first contracted with SHHS to provide animal control services for the county. The county renewed the contract each year thereafter until 2008, when it awarded the contract to another provider.

On July 11, 2008, Fulton County sued SHHS, claiming that it owed the county for certain fees collected from the public during the contract period. SHHS answered and counterclaimed for breach of contract and attorney fees. SHHS moved for summary judgment on all claims and the trial court granted the motion. This appeal followed.

1. In its first enumeration of error, Fulton County contends that the trial court failed to apply the proper rules of contract construc-

tion in deciding that SHHS was not required under the contract to remit to the county fees that it collected for boarding, licensing, and adoption. It is undisputed that the contract does not state that SHHS must remit to the county fees that it collects from the public. The pertinent portions of the contract state: "Total compensation for the initial performance period . . . shall not exceed $2,439,100 . . ." and, "the Contractor is not entitled to any compensation under this contract, other than that which is expressly provided for in this section." Accordingly, the contract provides only for the amount to be paid by the county to SHHS and there is nothing in the plain language of the contract that requires SHHS to remit fees collected from the public for expenses incurred in the boarding, licensing, and adoption of animals.

Even assuming that the contract is not clear on the issue, the record clearly shows that the parties intended that SHHS keep the fees it collected for these services,[1] and Fulton County points to no evidence to the contrary. For instance, Fulton County does not dispute that the amount it paid SHHS for animal control was approximately $500,000 less than the amount needed by SHHS to fulfill its responsibilities under its contract. At a meeting of the county commissioners, Commissioner Pitts stated:

> Based upon a report that was given to me by the County . . . Manager, it costs them [SHHS] in excess of 3 million to do that work for which we're paying them 2.4. So there's a shortfall. There's a clause in that contract, which I need to read, though, that says that they're responsible for licensing animals. And whatever revenue is generated from that effort, *that goes to that organization.*

And, "[w]e know that there's a shortfall of five, $600 thousand. But on the revenue side, though, how many licenses are issued and then what is the cost per license? You multiply those two and that'll give you the revenue figure and hopefully, you know, we've closed the gap."

Further, the record shows that SHHS's monthly reports showed all fees and revenues collected; the Fulton County employee who drafted the contract testified at his deposition that the contract allowed SHHS to collect and keep various fees and revenues collected from citizens; the previous provider of animal control services, the Atlanta Humane Society, did not remit any of the fees it collected to Fulton County; and, the contract administrator stated that he and

---

[1] See *Irvin v. Laxmi, Inc.*, 266 Ga. 204, 205 (467 SE2d 510) (1996) (the cardinal rule of contract construction is to ascertain the parties' intent).

the deputy manager of Fulton County agreed in a conversation in 2003 that SHHS was allowed "per the contract" to retain the licensing fees.

The trial court did not err in granting summary judgment to SHHS on this claim for breach of contract.

2. Fulton County also claims the trial court erred in granting summary judgment to SHHS on its other claims for breach of contract, unjust enrichment, petition for an accounting, piercing the corporate veil, and for money had and received. Much of this enumeration is unsupported by any meaningful argument or citation to authority. For instance, Fulton County contends that SHHS did not comply with the requirement that it have a veterinarian on site. First, Fulton County does not point out what provision in the contract calls for a veterinarian to be "on site," and we find none. Second, the authority cited in support of this claim is to the contrary. A worker at the animal control center was asked at his deposition: "At any point in time did Southern Hope no longer have a vet on site?" The worker answered: "[A] couple of weeks before the end, before they left, I think Dr. Lee went down to part-time status." Accordingly, this claim of error is totally unsupported and without merit.

As to the claims of unjust enrichment and money had and received, as Fulton County concedes, these are equitable claims that arise only when there is no express contract. See *Donchi, Inc. v. Robdol, LLC*, 283 Ga. App. 161, 167 (4) (640 SE2d 719) (2007) (an unjust enrichment theory does not lie where there is an express contract); *Baghdady v. Central Life Ins. Co.*, 224 Ga. App. 170, 171 (2) (480 SE2d 221) (1996) (theory of recovery for money had and received applies only when there is no actual legal contract).

In light of the above, it follows that Fulton County has no basis for demanding the equitable remedy of an accounting under OCGA § 23-2-70, nor does it have any basis for pursuing a claim of piercing the corporate veil. See *Renee Unlimited, Inc. v. City of Atlanta*, 301 Ga. App. 254, 259 (2) (b) (687 SE2d 233) (2009) (concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has overextended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud, or to evade contractual or tort responsibility).

As to the remaining contentions in this enumeration, Fulton County acknowledges that it can show no damages as a result of SHHS's early termination of its contract, and also acknowledges that it has no separate claim for breach of the duty of good faith and fair dealing.

3. Fulton County also argues that the trial court erred in granting summary judgment to SHHS on its counterclaim for breach

of contract. Fulton County does not deny that it "elected not to pay Defendants the remaining amount of money" owed under the contract. It claims that it was trying to "mitigate its damages" by not paying the amount owed.

In one sentence, Fulton County supports this claim of error by stating that it was justified in not paying SHHS because of damages incurred due to SHHS's retention of fees above the contract amount and "ineffective notice to terminate the contract." As we have previously determined, Fulton County was not entitled to recover any of the money collected by SHHS as fees for services to the public. Also, as Fulton County acknowledges in its reply brief, it suffered only "nominal" damages due to SHHS's early termination of the contract, those nominal damages occurring as a result of having to bring this action. As there were no "nominal" damages to recover at the time the County withheld payment under the contract, and because SHHS did not owe any money to Fulton County, the county breached the contract when it failed to pay the remaining amounts owed. The trial court correctly granted summary judgment to SHHS on its counterclaim.

4. Fulton County also argues that the trial court erred "by determining that Defendants were a prevailing party Plaintiff entitled to maintain or reserve their rights to Attorney's fees, pursuant to OCGA § 13-6-11." The trial court's order stated that "[t]he only claim remaining for determination in this case is Count IV of SHHS's Counterclaim, through which SHHS seeks attorneys' fees and expenses of litigation pursuant to OCGA § 13-6-11." Because the trial court made no determination as to whether SHHS was entitled to attorney fees and expenses under this Code section, this claim of error presents nothing for our review.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 5, 2010 — 

*Robert D. Ware, Vincent D. Hyman*, for appellant.
*Alston & Bird, Nowell D. Berreth, Cindy S. Manning*, for appellees.