[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15983

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00095-CV-JTC-3

TERRY ANTHONY,
SARAH K. ANTHONY, individually
and on behalf of a class of
similarly situated persons,

                                        Plaintiffs-Appellants,

versus

AMERICAN GENERAL FINANCIAL SERVICES, INC.,
formerly known as American General Finance, Inc.,
AMERICAN GENERAL FINANCIAL SERVICES, INC., (DE),
formerly known as American General Finance, Inc.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 30, 2010)

Before EDMONDSON, Circuit Judge, and HODGES,[*] District Judge.[1]


PER CURIAM:


The question is whether a debtor may sue to recover notary fees charged by a creditor in excess of the statutory maximum established by OCGA section 45-17-11(b). The case returns to us after we certified questions to the Georgia Supreme Court. See Anthony v. Am. Gen. Fin. Servs., Inc., 583 F.3d 1302, 1307 (11th Cir. 2009) ("Anthony I"); Anthony v. Am. Gen. Fin. Servs., Inc., 697 S.E. 2d 166 (Ga. 2010) ("Anthony II"). Based on the Georgia Supreme Court's responses to those questions, we conclude that, except for the contract claim, the Anthonys' complaint failed to state a claim upon which relief may be granted; therefore, we affirm in part, vacate in part, and remand the case to the district court.


## I. BACKGROUND


Appellants Terry and Sarah Anthony ("the Anthonys"), on behalf of

---

[*] Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

[1] This opinion is being entered by quorum pursuant to 28 U.S.C. § 46(d).

themselves and a putative class, challenged Respondent American General Financial Services's ("American General") assessment of mortgage notary fees that exceeded the statutory maximum set by OCGA section 45-17-11(b). The Anthonys asserted three claims: (1) section 45-17-11, which sets the maximum fee a notary may charge for each notarial service at $4 and requires disclosure of the fee before performing the service, creates a private civil cause of action to recover fees paid in excess of the statutory cap; (2) by charging a notary fee in excess of the statutory maximum, American General breached its Loan Agreement contract with the Anthonys because an illegal fee is not "reasonable and necessary"; and (3) charging an illegal fee gives rise to fraud and "money had and received" claims.[2]

On appeal from the district court's dismissal with prejudice per Rule 12(b)(6) of all of the claims, we were unable to determine with certainty whether Georgia law allowed a private suit seeking redress for these claims. So, we certified questions to the Georgia Supreme Court, asking them to help us to understand certain state-law issues of civil liability in the light of OCGA section 45-17-11. See Anthony I, 583 F.3d at 1307 (listing four certified questions).

The Georgia Supreme Court kindly consented to the certification and provided answers to our four questions. First, the Court concluded that no private

---

[2] For additional background, see Anthony I, 583 F.3d at 1304-05.

3

civil cause of action--either express or implied--arises under OCGA section 45-17-11. Anthony II at 171, 175. Second, the Court concluded that the voluntary payment doctrine cannot bar a breach of contract claim under these particular circumstances. Id. at 175. Third, the Court concluded that the statute of limitations was not tolled for the Anthonys' fraud and "money had and received" claims. Id. Fourth, the Court concluded that, while a corporation may not be directly or vicariously liable for violating OCGA section 45-17-11, it may be liable "if it participates in or procures the notary's violations." Anthony II at 170 (emphasis in original).

Given the Georgia Supreme Court's explanation of Georgia law, we turn now to rule on each of the Anthonys' claims.

## II. DISCUSSION

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6)." Redland Co., Inc. v. Bank of Am. Corp., 568 F.3d 1232, 1234 (11th Cir. 2009). To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although we must accept all factual allegations in the complaint as true, we need

4

not apply this rule to legal conclusions.  Id.

A. Notary Fee Statute Claim

The Anthonys argue that the district court erred in concluding that the notary fee statute, OCGA § 45-17-11, provides no private civil cause of action.

The notary fee statute plainly provides no express private civil cause of action.  But whether an implied private civil cause of action may arise from the violation of a penal statute depends on whether "'the legislature has indicated a strong public policy for imposing a civil as well as criminal penalty for violation of a penal statute.'"  Murphy v. Bajjani, 647 S.E. 2d 54, 58 (Ga. 2007).  In its certified-question responses, the Georgia Supreme Court explained that courts must glean the legislature's intention to provide an implied cause of action not from considering the public policy that the statute "generally appears to advance" but by looking "in the provisions of the statute."  Anthony II at 172.  As applied here, the Georgia Supreme Court concluded that "there is absolutely 'nothing in the provisions of' § 45-17-11 that shows that the Legislature meant to authorize such civil actions."  Anthony II at 173 (internal citation omitted).

Georgia's Supreme Court has declared that "a private civil cause of action

5

may not be implied to remedy a violation of OCGA § 45-17-11." Anthony II at 175. The district court, thus, properly dismissed the Anthonys' private civil claim under the notary fee statute.

### B. Fraud and "Money Had and Received" Claims

The Anthonys also argued that the district court erred in dismissing, on statute of limitations grounds, their fraud and "money had and received" claims. Georgia law provides a four-year statute of limitations on both a claim for fraud, see OCGA § 9-3-31; McKesson Corp. v. Green, 683 S.E. 2d 336, 341 n.21 (Ga. Ct. App. 2009), and a claim for "money had and received," see OCGA § 9-3-25; Baghdady v. Cent. Life Ins. Co., 480 S.E. 2d 221, 224 n.1 (Ga. Ct. App. 1996). The statute of limitations for a fraud claim begins running when the plaintiff discovers the fraud. See OCGA § 9-3-96.

Here, more than five years passed from the time the Anthonys signed the Loan Agreement at issue to the time they brought suit. Nevertheless, the Anthonys argue that equitable tolling should apply 1) because American General committed fraud by contracting for "reasonable and necessary" notary fees but actually charging notary fees far exceeding the statutory maximum and 2) because

6

American General failed to disclose the statutory maximum to the Anthonys.

For tolling to apply, the fraud "must be such actual fraud as could not have been discovered by the exercise of ordinary diligence." Bahadori v. Nat'l Union Fire Ins. Co., 507 S.E. 2d 467, 470 (Ga. 1998). Even assuming, for argument's sake, that American General's conduct constituted actual fraud, the Georgia Supreme Court declined to allow equitable tolling in the Anthonys' circumstance: the Anthonys could have discovered the discrepancy between the notary fee statute and the actual fee charged at any time by "simple reference" to the notary fee statute. Anthony II at 176.

So, the district court did not err by dismissing the Anthonys' fraud and "money had and received" claims as filed outside the statute of limitations.

## C. Breach of Contract Claim

Last, the Anthonys appeal the district court's dismissal of their breach of contract claim. The Anthonys contend that, because American General charged $350 for notary fees in violation of OCGA section 45-17-11's maximum fee and notification provisions, American General breached the Loan Agreement provision stating that notary fees would be "reasonable and necessary." The district court

concluded that, regardless of whether a breach occurred, Georgia's voluntary payment statute, § 13-1-13, barred recovery.[3]

But in the light of the Georgia Supreme Court's response to a certified question, we must vacate this claim's dismissal. The Georgia Supreme Court noted that American General possessed an express and affirmative statutory duty to disclose the maximum statutory notary fee of $4.00, see OCGA § 45-17-11(d), and instead "expressly and affirmatively misrepresented that the $350.00 notary fee imposed was 'reasonable and necessary.'" Anthony II at 175. Given that "unusual combination," the Georgia Supreme Court concluded that the Anthonys had alleged sufficient "artifice, deception, or fraudulent practice," OCGA § 13-1-13, to trigger the exception in Georgia's voluntary payment statute. Therefore, the statute does not bar the Anthonys' claim at the motion to dismiss stage. Anthony II at 175.

We see no other bar to the Anthonys' contract claim at the motion to dismiss stage. Written contract claims have a six-year statute of limitations under Georgia law, see OCGA § 9-3-24; the Anthonys commenced their lawsuit within that window.

---

[3] Section 13-1-13 states, in relevant part: "Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered."

8

Responding to one of our questions, the Georgia Supreme Court concluded that a corporation employing notaries public, as opposed to an individual notary public, was neither directly nor vicariously subject to section 45-17-11. See Anthony II at 168 ("[C]onsumers were directly protected [by section 45-17-11] against 'notary public[s],' not anyone else. And it is also clear that a corporation cannot serve as a notary public."); id. at 169-70 (concluding that a corporation is not vicariously liable to a notary-public employee). Still, the Georgia Supreme Court declared that a corporation could be liable for a notary public's violation of the notary fee statute "if [the corporation] participates in or procures the notary's violations." Id. at 170. The Court relied both on a state statute, see id. (citing OCGA section 51-12-30, allowing civil liability for a person who "maliciously procures an injury" as a "joint wrongdoer") (internal quotation marks omitted), and state common law, see id. at 171.

If American General had no duty to abide by the requirements of the notary fee statute, it is an open question about how pertinent a violation of that statute can be to the Anthonys' contract-claim argument. The district court has yet to decide whether American General "participate[d] in or procure[d]" the notary public's violations of section 45-17-11, and this determination might affect the Anthonys' action. We leave those questions for the district court to address and merely

9

conclude now that the Anthonys have stated a contract claim.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's order dismissing the section 45-17-11 and fraud and "money had and received" claims for failure to state a claim, vacate the district court's order dismissing the contract claim, and remand the case to the district court for proceedings consistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.